STATE v. MONROE ROBINSON.

(*February* 14, 1944.)

LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

*Daniel J. Layton, Jr.,* Deputy Attorney-General, for the State.

*Houston Wilson* for the defendant.

Court of Oyer and Terminer for Sussex County, February Term, 1944.

LAYTON, Chief Justice, charged the jury in part, as follows:

■■ The defense in this case is that the defendant killed the deceased in the necessary defense of his own life. When established to the satisfaction of the jury, this defense is absolute, and entitles the defendant to a verdict of acquit-

tal. The burden of proof in such defense is upon the defendant; but while he does bear the burden of proof, yet, if upon the whole state of the evidence, the prosecution has not sustained the burden resting upon it to establish the guilt of the defendant beyond a reasonable doubt, the defendant should be acquitted.

██ The right of self-defense rests upon necessity. In repelling or resisting an assault no more force may be used than is necessary for the purpose, and if the person attacked does use in his defense more force than is necessary he, himself, becomes the aggressor.

██ Ordinarily, one who is attacked, even if the attack is of such character as to create in his mind a reasonable belief that he is in danger of death or great bodily harm, is under the duty to retreat, if he can safely do so, or to use such other reasonable means as are within his power to avoid killing his assailant; for no one may take the life of another, even in the exercise of the right of self-defense, unless there are no other reasonably available means of escape from death or great bodily harm. But here the defendant was attacked by the deceased with a deadly weapon in the hallway of his own house, and whatever rightful use of the hallway the deceased may have been entitled to under his arrangement with the defendant, the fact remains that the defendant was in his home. Where one is violently attacked in his own home by another who apparently intends to kill him or do him grievous bodily injury, he need not retreat or take any steps to get away from his assailant, but may stand his ground and oppose force with force even to the extent of killing his assailant, provided that is necessary for his own safety. But having in mind that the right of self-defense rests upon real or apparent necessity, taking the life of another is not excusable if the danger could reasonably have been obviated by less violent means; and, ordinarily, one, even in his own home, will not be justified in killing his assailant after the

latter has been disarmed or otherwise disabled; for, after disarming or disabling the assailant in self-defense so that the peril is averted, the person attacked will become the aggressor if thereafter he kills his assailant. The facts are not in dispute; and the question before you is a narrow one. In the circumstances shown, the defendant having seized the hand of the deceased in which was held the knife or dagger, had he succeeded in so disabling the deceased that he was no longer in danger of death or of suffering further great bodily harm? In determining this question the jury should consider the suddenness of the attack made upon defendant by the deceased, their respective ages, and should keep in mind that a person suddenly and violently attacked by a deadly weapon and actually wounded thereby, may not reasonably be supposed to retain the presence of mind, calmness and composure necessary to weigh with nicety the question whether some other means short of taking life would answer the purpose; and if the jury shall be satisfied that, in the circumstances shown, the defendant, as a reasonable man, was justified in the belief that he was in danger of death or of suffering further great bodily harm at the hands of the deceased, the defendant should be acquitted.