**Bennie Love COLEMAN, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

April 19, 1974.

Karl Haller, Asst. Public Defender, Georgetown, for defendant below, appellant.

Lawrence B. Steele, Deputy Atty. Gen., Georgetown, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, and CAREY and DUFFY, Associate Justices.

HERRMANN, Chief Justice: (for the majority of the Court)

The defendant seeks review of his conviction for assault and battery on the ground that the Trial Court improperly charged the jury as to the defense of justification. The instruction included the following:

"* * *. The use of force upon or towards another is justifiable when the defendant reasonably believes that such force is admittedly necessary for the purpose of protecting himself against the use of unlawful force by the other person at the time.

"* * * [W]here one is assaulted in a sudden affray, and in the judgment of the jury honestly believes on reasonable grounds that he was in eminent danger of suffering great bodily harm, he has in such case the right to use a weapon against his assailant; * * *.

"* * *. In order to justify the accused it is sufficient that he at the time reasonably believed himself to be in danger at the hands of the injured, but the circumstances must have been such in your judgment so as to justify a reasonable man in such belief and further belief that there was no reasonable way of avoiding or escaping from such danger except by striking his assailant."

The defendant contends that the charge was improper for the reason that the correct test under present law is not what a reasonable man would believe, but rather what the defendant actually believed. As support for this position, the defendant maintains that 11 Del.C. § 464(a), the portion of the new Criminal Code [1] dealing with the use of self-protective force as a defense, creates such subjective standard in lieu of the "reasonable man" objective test formerly prevailing in this jurisdiction.[2] The new § 464(a) provides:

"§ 464. Justification; use of force in self-protection.

"(a) The use of force upon or toward another person is justifiable when the defendant believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion."

The defendant points out that the word "reasonable" nowhere appears in § 464(a). Further, the defendant points to the codifiers' Commentary on § 464(a):

"Section 464 sets generally the permissible limits on the use of force in self-protection. Subsection (a) permits the use of force against another person only when the actor believes the force is immediately necessary for the purpose of protecting himself against that other's use of force on the present occasion. The actor must show that he did believe that force was necessary and that his re-

---

1. Although the instant offense occurred prior to the adoption of the new Criminal Code, the defendant elected, as was his option under § 102(b)(2) of the new Code, to use defenses made available thereunder.

2. See Brown v. State, 9 Terry 427, 105 A. 2d 646 (1954); State v. Robinson, 3 Terry 419, 36 A.2d 27 (1944).

sponse was an immediate reaction to a present necessity. Note, however, that a reasonable belief is not required. All that is relevant to the actor's guilt is that he did honestly believe it necessary to use force in his own defense. A person with such a belief presents no criminal threat to social order. Of course, one who is reckless or negligent in ascertaining the facts which give rise to a need for self-protection presents a different problem which is covered expressly by § 469. To the extent possible the criminal law ought to be determining guilt in individual terms, and deviations from the 'reasonable man' norm ought to be determinative of guilt only when they indicate that the actor threatens social order in the way which the criminal law seeks to prevent. Thus if it has been decided to justify self-defensive force (presumably because it is socially desirable), the man who employs force in self-defense has done nothing wrong; nor does his act suggest any criminal propensity to deviate from social norms. Note that this section is consistent with § 441, relating to mistake of fact, which does not require reasonableness. Of course, if the actor's reaction deviates too substantially from the norm, he runs the risk that the jury will not believe him. But if he honestly believes he needs to act in self-defense, the criminal law will be powerless to stop him, no matter how unreasonable his belief. It is best, then, that the official statement of the law be realistic."

The provision of § 464(a) must be read in the light of § 307(a) of the new Criminal Code which provides in pertinent part:

"The defendant's * * * belief at the time of the offense for which he is charged may be inferred by the jury * * *. In making the inference * * *, the jury may consider whether a reasonable man in the defendant's circumstances at the time of the offense would have had or lacked the requisite * * * belief."

The Commentary on § 307(a) includes the following:

"One of the most important underlying premises of this Criminal Code is that criminal guilt ought to turn on the subjective criminality of the accused. Thus, for example, in defining the defense of justification, the defense turns on what the defendant himself believed as to the necessity of taking certain protective action. * * *

* * *

"Subsection (a) * * * applies to cases in which the defendant's mental state is a matter of defense. Thus, if defendant claims that a killing was justified because he believed it necessary for the protection of his own person (note that § 464 requires only proof of belief, not reasonable belief), the jury, in determining whether the defendant actually had the asserted belief, are permitted to test the defendant's credibility by considering what a reasonable man under circumstances would have believed.

* * *

"It should be emphasized that proof of what would have been the state of mind of a reasonable man will not, in itself, satisfy the prosecution's burden of persuasion. The question in every case is what the accused believed or intended. If the jury have a reasonable doubt about the defendant's own culpability, they must acquit. Section 307 is merely intended to aid the State in getting to the jury without having literally to prove what was going on in the defendant's mind. Likewise where a state of mind is a matter of defense, the Court should instruct the jury that the standard of defense is purely subjective (unless the relevant definition of the defense contains the word 'reasonably' or some other objective standard), but that the jury may consider, in determining whether

the accused did in fact entertain the asserted belief, what a reasonable man would have believed under the circumstances. If the jury are satisfied that the accused entertained the asserted belief, regardless of what a reasonable man would have believed, they should acquit."

■ Upon the basis of the foregoing, we have concluded that the new Criminal Code has changed the standard to be applied by the trier of fact in determining the issue of justification. The former objective test of what a reasonable man would have believed under the circumstances, as to the necessity of using force in self-defense, has been supplanted by the subjective test of what the defendant actually believed as to such necessity. In applying the subjective standard and in testing the defendant's actual belief as to the necessity of force for self-protection, it is important to note that § 307(a) of the new Code provides that "the jury may consider whether a reasonable man in the defendant's circumstances at the time of the offense would have had or lacked the requisite * * * belief." Thus, the "reasonable man" test is retained as a factor to be considered with all others in the determination of the issue of justification; but it is not necessarily the controlling factor as heretofore.

■ It follows that the jury instruction in the instant case, based upon the formerly prevailing objective standard, must be declared error.

We are unable to say, in this case in which self-defense was the sole defense, that the error was harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Schnebe v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972). Accordingly, the judgment below must be reversed and the cause remanded for new trial.

CAREY, Justice: (dissenting in part)

I concur in the majority opinion in all respects other than the direction for a new trial.

The significant testimony in the case was that of the defendant and the prosecuting witness. The appellant's version, if believed, clearly supported the plea of self-defense; the victim's testimony, if believed, clearly showed that the act was not in self-defense. Actually, the legal issue discussed in the majority opinion could have had little or no bearing upon the jury's determination. Under the victim's version of the facts, there was no justification whatever; under the defendant's version, the act was fully justified. This issue of which witness was to be believed was resolved by the jury against the defendant.

Accordingly, I cannot agree that the verdict should be set aside.