**Alfred HAMILTON, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Argued April 16, 1975.

Decided July 7, 1975.

Rehearing Denied July 31, 1975.

Sidney Balick and Louis B. Ferrara, of Aerenson & Balick, Wilmington, for defendant below, appellant.

Charles P. Brandt, Chief Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

HERRMANN, Chief Justice:

The defendant was convicted of murder in the second degree and was sentenced to life imprisonment. On appeal, he asserts, *inter alia,* that under the new Criminal Code.[1] 11 Del.C. § 101 *et seq.,* the Trial Court instructed the jury erroneously regarding the defendant's burden on the issue of self-defense or, in the terminology of the Code, justification.

The challenged instruction included the following:

"A defense in this case is that the defendant fired the shot in the necessary defense of his life or for the purpose of preventing great bodily harm to himself. When established to the satisfaction of the jury, this defense is absolute and entitles the defendant to a verdict of acquittal. The burden of proof of such defense is upon the defendant, but, although he does bear the burden of proof, if upon the whole state of the evidence the prosecution has not sustained the burden resting upon it to establish the guilt of the accused beyond a reasonable doubt, the defendant should be acquitted.

\* \* \* \* \* \*

"The burden of establishing self-defense to the satisfaction of the jury rests, as I have said, upon the accused.

\* \* \* \* \* \*

1. Although the instant offense occurred before the adoption of the new Criminal Code, the defendant elected, as was his option under 11 Del.C. § 102(b)(2), to adopt defenses made available thereunder.

"As I have indicated to you, the defense of self-defense is known as an affirmative defense. This means that the accused has the burden of establishing the justification of self-defense by a preponderance of the evidence."

## I.

The defendant contends, and the State concedes, that it was error under the Code for the Trial Judge to instruct the jury that self-defense is an affirmative defense to be established by the defendant by a preponderance of the evidence.

Several provisions of the new Code are involved: 11 Del.C. § 464 [2] supplanted in extensive detail the former Delaware law of self-defense as to which the burden of proof was upon the defendant. See *Quillen v. State,* Del.Supr., 10 Terry 114, 110 A.2d 445 (1955). By § 461,[3] "justification" as defined in § 464 was made a "defense"—but not an "affirmative defense" as to which, under § 304,[4] the defendant has the burden of proof by a preponder-

ance of the evidence as under the prior Delaware law of self-defense.

Thus, under the new Code, Delaware joined the majority of states regarding proof of self-defense. Instead of the burden of proving self-defense by a preponderance of the evidence formerly imposed upon the defendant, the new Code merely requires the defendant to produce "some credible evidence" to support the defense, sufficient to create a reasonable doubt as to the defendant's guilt. The ultimate burden of persuasion beyond a reasonable doubt upon the issue remains on the State. See *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

The Commentary on § 461 points up the change in our law which gave rise to the error here:

"This section is not a definition of the defense of justification. An extended definition is given in §§ 462–70. The only purpose of § 461 is to establish the burden of proving justification. Under former Delaware law, it was an affirma-

---

2. 11 Del.C. § 464 provides in pertinent part:
"§ 464. Justification—Use of force in self-protection.
"(a) The use of force upon or toward another person is justifiable when the defendant believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion.
"(b) Except as otherwise provided in subsections (d) and (e) of this section, a person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used, without retreating, surrendering possession, doing any other act which he has no legal duty to do, or abstaining from any lawful action.
"(c) The use of deadly force is justifiable under this section if the defendant believes that such force is necessary to protect himself against death, serious physical injury, kidnapping or sexual intercourse compelled by force or threat."

3. 11 Del.C. § 461 provides:
"§ 461. Justification—A defense.

"In any prosecution for an offense, justification, as defined in §§ 462 through 470, is a defense."

4. 11 Del.C. § 304 provides:
"§ 304. Defendant's affirmative defenses; prove by preponderance of evidence.
"(a) When a defense declared by this Criminal Code or by another statute to be an affirmative defense is raised at trial, the defendant has the burden of establishing it by a preponderance of the evidence.
"(b) Unless the court determines that no reasonable juror could find an affirmative defense established by a preponderance of the evidence presented by the defendant, the defendant is entitled to a jury instruction that the jury must acquit him if they find the affirmative defense established by a preponderance of the evidence.
"(c) An affirmative defense is established by a preponderance of the evidence when the jury is persuaded that the evidence makes it more likely than not that each element of the affirmative defense existed at the required time."

tive defense, requiring proof by a preponderance of the evidence. In this Criminal Code, it is a simple defense, placing on the defendant an evidentiary burden only. The defendant must come forward with some credible evidence of the existence of facts which make his act justifiable. But he may thereafter have the matter considered by the jury, and if a reasonable doubt as to his guilt is raised by the evidence, he should be acquitted."

This tracing of the meandering course of relevant provisions of the new Code demonstrates the source of, and some excuse for, the error committed here.

The following provision of § 303(c) specifies the type of jury instruction to which a defendant is entitled under the Code, upon the production of "some credible evidence" supporting the defense of justification:

> "(c) If some credible evidence supporting a defense is presented, the defendant is entitled to a jury instruction that the jury must acquit him if they find that the evidence suggests a reasonable doubt as to the defendant's guilt."

And the Commentary on § 303(c) is enlightening:

> " * * *. Thus, the importance of subsection (c) is that it requires only that the defense raise a reasonable doubt in the minds of the jury, not that the jury be persuaded that the defense is more probably true than not. The Court must only be satisfied that a reasonable juror could find that the evidence suggests a reasonable doubt of the defendant's guilt."

■ It is clear, therefore, that a correct jury charge on justification, under the new Criminal Code, must be in accordance with § 303(c), based upon the burden of production thereby imposed upon a defendant, as distinguished from the burden of persuasion imposed upon a defendant under the former Delaware law of self-defense. Therein lies the error in this case.

## II.

Although conceding that the charge was erroneous, the State contends that there was no evidence in the case to support the defense of self-defense; that, therefore, the error in the self-defense instruction was harmless.

■ We find it unnecessary to resolve that evidentiary question; it is immaterial in our view of the case. The Trial Judge determined that self-defense was an issue in the case to go to the jury under the evidence adduced before him. Upon the basis of that determination, a major portion of the jury instruction (about eight transcript pages) was devoted to various aspects of the self-defense issue. In view of the emphasis placed upon that issue, and the impression of its importance undoubtedly created in the minds of the jury, we are unable to say that the error which thus permeated a major portion of the charge was harmless beyond a reasonable doubt. Cf. *Coleman v. State*, Del.Supr., 320 A.2d 740 (1974).

This conclusion is dispositive; we do not reach the other grounds of the appeal. The propriety of self-defense (or justification) as an issue in the case, upon retrial, shall be for the determination of the Trial Judge upon the evidence before him.

Reversed and remanded for new trial.