## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

DIANE ZIEJEWSKI,           )
                                )
     Appellant/Defendant-Below,   )
                                )
     v.                          )     I.D. No. 1403003939
                                )
STATE OF DELAWARE,        )
                                )
     Appellee/Plaintiff-Below .   )

Submitted:  June 23, 2015
Decided:  July 22, 2015

## __MEMORANDUM OPINION__

### *On Appeal from the Decision of the Court of Common Pleas — AFFIRMED*

Benjamin S. Gifford IV, Esq., Woloshin, Lynch & Natalie, P.A., Wilmington, Delaware, Attorney for Appellant/Defendant-Below.

Regina S. Schoenberg, Esq., Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for Appellee/Plaintiff-Below.

**ROCANELLI, J.**

This is an appeal from a decision after trial of the Court of Common Pleas ("Trial Court"). On July 31, 2014, Defendant Diane Ziejewski was charged with one count of Menacing and one count of Assault in the Third Degree. After a bench trial on March 26, 2015, the Trial Court found Defendant not guilty of Menacing and guilty of Assault in the Third Degree. The Trial Court considered and rejected Defendant's self-defense claim. In so ruling, the Trial Court accepted the testimony of the victim as credible and rejected Defendant's self-defense testimony.

Thereafter, on March 30, 2015, Defendant filed a Motion to Vacate Judgment or, in the alternative, a Motion for Reargument. At oral argument on April 10, 2015, Defendant withdrew the Motion to Vacate Judgment. Defendant pursued the Motion for Reargument on the basis that defense counsel had cited the incorrect standard for the self-defense claim. The State opposed the Motion. The Trial Court denied the Motion for Reargument.

Defendant filed the pending appeal. Defendant argues that the Trial Court imposed an improper burden on Defendant with respect to her self-defense claim.

**STANDARD OF REVIEW**

Statutory authority provides that the Superior Court may consider an appeal from the judgment of the Court of Common Pleas in a criminal action.[1] The

---

[1] 11 *Del. C.* § 5301(c).

1

appellate role of this Court is to determine "whether there is legal error and whether the factual findings made by the trial judge are sufficiently supported by the record and are the product of an orderly and logical deductive process."[2] This Court must accept findings of the Trial Court that are supported by the record, even if this Court would have made contrary findings.[3] Moreover, this Court will accept the Trial Court's findings regarding credibility unless the findings are clearly erroneous.[4] Questions of law are reviewed *de novo*.[5]

## ANALYSIS

This Court finds that the record is free from legal error and supports the Trial Court's decision after trial, which included characteristics of a logical deductive process. The Trial Court's decision explicitly and correctly stated that the State bore the burden of proving every element of the offenses charged beyond a reasonable doubt. The Trial Court found the State did not meet its burden of proving guilt beyond a reasonable doubt with respect to menacing, but did meet its burden with respect to Assault in the Third Degree, notwithstanding Defendant's self-defense claim.

---

[2] *Onkeo v. State*, 182, 2008 WL 3906076, at *1 (Del. July 1, 2008); *Wheeler v. Clerkin*, 2005 WL 873341, at *2 (Del. Super. Apr. 13, 2005).
[3] *Onkeo*, 2008 WL 3906076, at *1.
[4] *Id.*
[5] 11 *Del. C.* § 5301(c); *DiSabatino v. State*, 808 A.2d 1216, 1220 (Del. Super. 2002) *aff'd*, 810 A.2d 349 (Del. 2002).

In support of its decision, the Trial Court found that Defendant admitted she punched the victim. The record reflects that upon consideration of the testimony of all of the witnesses, the Trial Court found the cohesive testimony of the police officer, the victim, and Defendant's mother supported its finding that Defendant did indeed approach and punch the victim. The record reflects that the Trial Court specifically considered and accepted the credibility of the victim's testimony when the victim stated she was not the aggressor, and did not initiate, instigate, or physically provoke Defendant. The Trial Court also considered and rejected the credibility of Defendant's testimony, finding her claims of self-defense inconsistent with prior statements to police and with her actions at the time of the incident.

Self-defense is a defense of justification.[6] To establish a claim of self-defense, a defendant must offer "'some credible evidence' sufficient to create reasonable doubt as to the defendant's guilt."[7] The Trial Court found that based on the facts presented and the incredible nature of Defendant's self-defense testimony, Defendant was not justified in punching the victim. Although the Trial Court did not explicitly state the standard required to establish a self-defense claim, the Trial Court's analysis on the record considered the evidence presented and determined

[6] 11 *Del. C.* § 464(a).
[7] *Hamilton v. State*, 343 A.2d 594, 595–96 (Del. 1975) (recognizing that the 1973 revisions to 11 *Del. C.* § 303 converted self-defense into a "simple defense"); 11 *Del. C.* § 303 (providing "credible evidence" as the standard of proof for a "simple defense").

3

that Defendant had not presented credible evidence in support of the claim of self-defense. Indeed, the Trial Court explained that it found Defendant incredible, the victim credible, and that the record lacked evidence to justify Defendant's actions. For example, the Trial Court explained that Defendant testified that she sustained injuries but, unlike the victim, Defendant did not take any photographs of the alleged injuries and never sought medical treatment. Also, the Trial Court noted that, although Defendant testified that she told the police officer she sustained injuries, the police officer testified that Defendant did not inform him of any injuries and the police officer also testified that he did not observe any injuries on Defendant.

On appeal, Defendant points to a stray comment by the Trial Court that Defendant had not satisfied the standard for reargument to demonstrate that the Trial Court committed legal error by improperly imposing a burden of proof on Defendant. Although the Trial Court made a passing reference that "Defendant did not establish its burden of self-defense,"[8] it is clear from the record that this comment is merely dicta and is not the basis for the Trial Court's findings that Defendant's actions were not justified as self-defense.

The Trial Court applied the appropriate legal standards in its decision after trial, including careful consideration and rejection of Defendant's self-defense

---

[8] *State v. Ziejewski*, C.A. No. 1403003939, at 9:1–2 (Del. Com. Pl. Apr. 10, 2015) (TRANSCRIPT).

4

claim for lack of credible evidence.  The Trial Court's decision did not impose any burden of proof on Defendant.

## CONCLUSION

The Trial Court's decision after trial and denial of the Motion for Reargument is free from legal error.  The Trial Court did not abuse its discretion.  Moreover, the Trial Court's factual findings are supported by the record and are the product of an orderly and logical deductive process.  The Trial Court's judgments of credibility are not clearly erroneous.  Therefore, the decision of the Court of Common Pleas is **AFFIRMED.**

**IT IS SO ORDERED this 22nd day of July, 2015.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

5