# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                               )
                               )

          v.                )     I.D. No. 2005000034
                               )

JOHN HERBERT,          )
                               )

    Defendant.       )

Submitted: December 13, 2021
Decided: March 17, 2022

*Upon Consideration of Defendant's Motion to Dismiss*,
**DENIED**.

## MEMORANDUM OPINION

Nicholas R. Wynn, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, Wilmington, Delaware. *Attorney for the State of Delaware*.

James Liguori, Esquire, LIGUORI & MORRIS, Dover, Delaware. *Attorney for Defendant John Herbert*.

**BUTLER, R.J.**

A New Castle County grand jury has indicted Defendant John Herbert on child sexual abuse charges. Defendant has moved to dismiss the indictment on due process grounds. The Court concludes that Defendant misconstrues the relevant statutes and otherwise fails to establish a constitutional violation. Accordingly, the motion is denied.

## BACKGROUND

### A. The Allegations and Indictment

Defendant's wife, Mother, had been cooking a pork tenderloin when their three-year-old girl, Daughter, entered the kitchen.[1] Less hungry than observant, Daughter told Mother that the pork resembled a penis. When Mother asked how Daughter knew about penises, Daughter said she has "played with" Defendant's penis before. Daughter subsequently was taken to the Children's Advocacy Center, where she repeated her statements to staff. Defendant was arrested a few days later.

Daughter's allegations have formed the basis for a two-count indictment. The indictment charges Defendant with (1) Unlawful Sexual Contact First Degree ("USC

---

[1] In resolving a Rule 12(b)(2) motion, the Court accepts as true all well-pleaded factual allegations in the indictment. *E.g.*, *United States v. Brophy*, 2013 WL 4657674, at *2 (D. Del. Aug. 30, 2013) (stating principle). *See Wright v. Pierce*, 43 F. Supp. 3d 405, 410 n.3 (D. Del. 2014) (noting Delaware courts use federal standard in analyzing indictment sufficiency); *see also Valentin v. State*, 74 A.3d 645, 648 n.10 (Del. 2013) (noting applicability of federal precedent to Superior Court Criminal Rules that "substantively mirror[]" Federal Rules of Criminal Procedure).

2

I"); [2] and (2) Sexual Abuse of a Child by a Person in a Position of Trust, Authority, or Supervision Second Degree ("Child Sexual Abuse II"). [3]

## B. This Motion

Defendant has moved to dismiss the indictment. Defendant's arguments are unclear, but seem to launch a facial attack [4] on Title 11's definition of "sexual contact"—the term that creates liability under USC I and Child Sexual Abuse II. [5]

Title 11 defines sexual contact as "any of the following touching, if the touching, *under the circumstances as viewed by a reasonable person,* is intended to be sexual in nature: . . . [a]ny intentional touching of another person with the defendant's . . . genitalia" or "[i]ntentionally causing or allowing another person to

---

[2] *See generally* 11 *Del. C.* § 769(a) (2010).

[3] *See generally id.* § 778A (2022).

[4] Defendant did not specify whether his challenge is facial or as-applied. The Court, however, has construed his challenge as a facial one because he did not withdraw his motion after the State conceded (Opp. at 3, 4 n.6) that, as-applied here, he is entitled to raise defenses based on a lack of subjective intent. *See Del. Bd. of Med. Licensure & Discipline v. Grossinger*, 224 A.3d 939, 956–58 (Del. 2020) (determining *sua sponte* that appellant's arguments were facial even though appellant framed them in the language of an as-applied challenge).

[5] *See* 11 *Del. C.* § 769(a)(3) ("A person is guilty of [USC I] when: [t]he person *intentionally has sexual contact* with another person who is less than [13 years old] or causes the [child] to have sexual contact with the person . . . ." (emphasis added) (formatting omitted)); 11 *Del. C.* § 778A(1) ("A person is guilty of [Child Sexual Abuse II] when the person *[i]ntentionally has sexual contact* with a child . . . or causes the child to *have sexual contact* with the person" if the child is less than 16 years old and the person stood "in a position of trust, authority, or supervision over the child." (emphases added) (formatting omitted)).

touch the defendant's . . . genitalia."[6]  Defendant contends this statutory definition violates due process because it allows the State to prove him guilty based on an objective "reasonable person" standard of intent that excludes evidence of his subjective intent.  The State opposes the motion, which is now ripe for decision.

## STANDARD OF REVIEW

A defendant may move to dismiss an indictment under Criminal Rule 12(b)(2).[7]  An indictment is legally sufficient if it "put[s] the accused on full notice" of the charges.[8]  So "an indictment is not defective if it . . . enable[s]" the defendant to prepare a defense.[9]  In determining whether the crimes charged give notice and allow for a defense, the Court "examines the statutes at issue" and ascertains the "proper interpretation of criminal activity under the relevant criminal statutes."[10]

---

[6] *Id.* § 761(g)(1)(b)–(c) (emphasis added) (formatting omitted).  Title 11 elsewhere defines "intentionally" as a mental state involving a "conscious objective to engage in [the alleged] conduct . . . or to cause [the alleged] result."  *Id.* § 231(b).

[7] Del. Super. Ct. Crim. R. 12(b)(2).

[8] *Malloy v. State*, 462 A.2d 1088, 1093 (Del. 1983).

[9] *Ciccaglione v. State*, 474 A.2d 126, 128 (Del. 1984).

[10] *United States v. Pendleton*, 2009 WL 320546, at *3 (D. Del. Feb. 10, 2009) (internal quotation marks omitted).  *See generally supra* note 1.

4

**ANALYSIS**

The principles of statutory interpretation govern the extent to which the Court may resolve Defendant's constitutional challenge.[11] "The goal of statutory construction is to determine and give effect to legislative intent."[12] The Court construes a statute according to its plain meaning.[13] "If the statute . . . is unambiguous," then "the literal meaning of [its] words" controls.[14]

"Enactments of the Delaware General Assembly are presumed to be constitutional."[15] The challenger bears the burden of rebutting this presumption by "clear and convincing evidence."[16] In determining whether that burden has been met, "all reasonable doubts as to the validity of [the] law must be resolved in favor of . . . constitutionality . . . ."[17] An interpreting court cannot construe a statute in a way that produces "constitutional questionability and patent absurdity."[18]

---

[11] *See, e.g.*, *Dambro v. Meyer*, 974 A.2d 121, 129 (Del. 2009) ("Questions of statutory interpretation are questions of law" that the Court must resolve at the outset.).

[12] *Eliason v. Englehart*, 733 A.2d 944, 946 (Del. 1999).

[13] *E.g.*, *Leatherbury v. Greenspun*, 939 A.2d 1284, 1288 (Del. 2007).

[14] *Coastal Barge Corp. v. Coastal Zone Indus. Control Bd.*, 492 A.2d 1242, 1246 (Del. 1985).

[15] *Hoover v. State*, 958 A.2d 816, 821 (Del. 2008).

[16] *Sierra v. Dep't of Servs. for Child., Youth & their Families*, 238 A.3d 142, 151, 155–56 (Del. 2020).

[17] *Hoover*, 958 A.2d at 821 (alteration and internal quotation marks omitted).

[18] *Monceaux v. State*, 51 A.3d 474, 477 (Del. 2012) (internal quotation marks omitted).

Delaware courts practice constitutional avoidance. "Where a possible infringement of a constitutional guarantee exists, the interpreting court should strive to construe the legislative intent so as to avoid . . . constitutional infirmities."[19] Courts will avoid construing a statute as unconstitutional unless the resulting construction would contravene the legislature's intent or would rewrite the statute.[20]

These rules apply with greater force where, as here, the challenger raises a facial objection to a statute's validity. "A facial challenge to a legislative [a]ct is . . . the most difficult challenge to mount successfully . . . ."[21] To succeed, a facial challenger must demonstrate by clear and convincing evidence that the statute "cannot be valid under any set of circumstances."[22] Conversely, if a statute can be applied constitutionally in a "wide class of cases," then a facial challenge to it must fail.[23] "Even if [a] statute, read literally, were susceptible of" a facially unconstitutional construction, that construction may be rejected in favor of an interpretation that "will uphold [the statute's] validity."[24]

---

[19] *State v. Baker*, 720 A.2d 1139, 1144 (Del. 1998) (alteration and internal quotation marks omitted).

[20] *See, e.g.*, *Hazout v. Tsang Mun Ting*, 134 A.3d 274, 286 (Del. 2016); *see generally United States v. Palomar–Santiago*, 141 S. Ct. 1615, 1622 (2021) (explaining that the canon of constitutional avoidance does not apply in the absence of ambiguity).

[21] *United States v. Salerno*, 481 U.S. 739, 746 (1987).

[22] *Sierra*, 238 A.3d at 156.

[23] *Bridgeville Rifle & Pistol Club, Ltd. v. Small*, 176 A.3d 632, 652 (Del. 2017) (internal quotation marks omitted).

[24] *State v. Hobson*, 83 A.2d 846, 851 (Del. 1951). *Accord League of Women Voters of Del., Inc. v. Dep't of Elections*, 250 A.3d 922, 937 (Del. Ch. 2020) ("A facial

As explained below, Defendant's motion must be denied because, contrary to Defendant's position, the charged offenses do require the State to prove Defendant's subjective intent. Defendant's interpretation misconstrues the statute and would lead to absurd results.

## A. The charges do not violate due process.

Defendant argues the sexual contact definition's "reasonable person" standard unconstitutionally permits the jury to ignore his subjective intent by replacing it with the intent of a reasonable person. He separately claims that the sexual contact definition violates due process because it does not contain a "sexual gratification" element. While not explicit, it appears Defendant wants to argue to the jury that any touching was not intended to be sexual in nature. It also appears he is concerned that a jury may convict him simply because his subjective belief was not what a reasonable person may have had in mind. But Defendant overreads the statute and underestimates his right to raise a subjective intent defense.

### 1. The State must prove Defendant's intent, not the intent of a reasonable person.

#### a. The reasonable person standard operates as a template by which to judge a Defendant's credibility, not as a bar to considering his subjective intent.

---

challenge to the constitutionality of legislation invokes broad judicial deference; if a law can be applied in a way consistent with Constitutional structures, it will be upheld." (citing *Hobson*, 83 A.2d at 851)).

7

Recall that sexual contact "means . . . touching, if the touching, under the circumstances as viewed by a reasonable person," was "intended" by "the defendant" "to be sexual in nature."[25] Plainly read, the clause does not foreclose consideration or exclude evidence of Defendant's intent. Neither do the indicted offenses, which tacitly incorporate the clause.[26] Instead, the clause serves a separate purpose: it informs the jury that it may consider the veracity of Defendant's stated, subjective intent by comparing his stated intent against the intent of a reasonable person in similar circumstances.

The reason for allowing the jury to use an objective standard to judge subjective intent is obvious. Thoughts are invisible and human psychology is complex. As a consequence, "direct proof of a defendant's state of mind is rare."[27] Indeed, it would be difficult, if not impossible, to show "a person wrote or stated that, as of a given time, she committed an act with a particular intent."[28] Short of clairvoyance, the State would rarely prove subjective intent unless the law placed an objective lens on the jury's view of the evidence surrounding the alleged offense.

---

[25] 11 *Del. C.* § 761(g)(1), (g)(1)(b)–(c).
[26] *Id.* § 769(a)(3) ("A person is guilty of [USC I] when: [t]he person *intentionally has sexual contact* with another person who is less than [13 years old] . . . ." (emphasis added) (formatting omitted)); *id.* § 778A(1) ("A person is guilty of [Child Sexual Abuse II] when the person *[i]ntentionally has sexual contact* with a child . . . ." (emphases added) (formatting omitted)).
[27] *Bishop*, 1991 WL 78470, at *4.
[28] *United States v. Maxwell*, 2021 WL 5999414, at *9 (S.D.N.Y. Dec. 18, 2021).

8

Title 11 supports interpreting the reasonable person clause this way. Take, for example, Section 307.[29] Section 307 is a tool for analyzing circumstantial evidence. Under Section 307, a jury may infer a state of mind from indirect proof by asking "whether a reasonable person in the defendant's circumstances at the time of the offense would have had or lacked" a criminal purpose.[30]

The reasonable person clause does two things. First, it helps the State survive a motion for judgment of acquittal in cases where the State has only circumstantial evidence of the defendant's state of mind.[31] Delaware law does not require the State to prove its case by direct evidence.[32] Second, the clause facilitates fact-finding on

---

[29] Relying on Section 307 to interpret the reasonable person clause does not cause surplusage or redundancy issues. *See Bishop v. State*, 1991 WL 78470, at *4 (Del. Apr. 30, 1991) (accepting as "well taken" an argument that analogous reasonable person clause was simply an "abbreviated version" of Section 307, which had been "adapted" to the particular offense).

[30] 11 *Del. C.* § 307(a). *E.g.*, *Bishop*, 1991 WL 78470, at *4 (explaining that Delaware law "permit[s] the jury to infer the defendant's mental state from evidence of the circumstances surrounding" the offense); *Getz v. State*, 538 A.2d 726, 733 (Del. 1988) (holding that where, as here, a statute defines intent as a "conscious object . . . the jury may infer that intention from the circumstances surrounding the act charged" (internal quotation marks and citations omitted)).

[31] *Bishop*, 1991 WL 78470, at *4 ("[T]he State [can] get its case to the jury on the basis of what would have been the state of mind of a reasonable man under the circumstances known to the accused. This may be shown not only by direct proof, but also by such inferences as may be reasonably drawn from the evidence adduced." (internal quotation marks omitted)); *Coleman v. State*, 320 A.2d 740, 742 (Del. 1974) (observing that reasonable person clauses in criminal statutes are "merely intended to aid the State in getting to the jury without having literally to prove what was going on in the defendant's mind" (internal quotation marks omitted)).

[32] *E.g.*, *Castro v. State*, 266 A.3d 201, 206 n.14 (Del. 2021) ("Direct evidence of a crime is not required to sustain a conviction . . . . The law makes no distinction

9

the defendant's state of mind by allowing the jury to evaluate the credibility of the defendant's stated intent *vis-à-vis* evidence of the circumstances surrounding the alleged offense.[33] "Otherwise . . . the only evidence [of subjective intent] would be the defendant's own self-interested testimony."[34]

Contrary to Defendant's contentions, allowing the jury to use an objective standard to assess evidence of the circumstances surrounding the alleged offense is not the same as permitting the jury to disregard evidence of defendant's subjective intent at the time of the alleged offense. Indeed, the Delaware Supreme Court has explained at least twice[35] that reasonable person instructions do not allow the jury to

---

between direct and circumstantial evidence."); *Morales v. State*, 696 A.2d 390, 394 (Del. 1997) (same); *Scott v. State*, 521 A.2d 235, 244 (Del. 1987) (same); *cf. White v. State*, 2016 WL 2585743, at *2 (Del. Apr. 25, 2016) ("Circumstantial evidence—provided it [is] sufficient to prove the elements . . . beyond a reasonable doubt—[is] sufficient" to prove intent.). *See also Maxwell*, 2021 WL 5999414, at *9 ("[D]irect proof [of subjective intent] is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestations, her words, her conduct, her acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.").

[33] *Bishop*, 1991 WL 78470, at *4 (explaining that reasonable person language "permit[s] the use of an objective standard to judge the truth about the defendant's own mental culpability" (internal quotation marks omitted)); *Coleman*, 320 A.2d at 742 ("[T]he jury, in determining whether the defendant actually had the asserted belief, [is] permitted to test the defendant's credibility by considering what a reasonable man under [the] circumstances would have believed." (internal quotation marks omitted)).

[34] *Plass v. State*, 457 A.2d 362, 365 (Del. 1983).

[35] *See Bishop v. State*, 1991 WL 78470 (Del. Apr. 30, 1991); *Coleman v. State*, 320 A.2d 740 (Del. 1974).

use the objective intent of another to circumvent the subjective intent of the accused.

In every case, the jury's task is to determine the accused's state of mind:

> The jury is not relieved of its job of determining whether, in any case, the defendant himself had the requisite mental state. The jury [can] use the reasonable man evidence as a way of reaching the defendant's own culpability.[36]

> It should be emphasized that proof of what would have been the state of mind of a reasonable man will not, in itself, satisfy the prosecution's burden of persuasion. The question in every case is what the accused believed or intended. If the jury [has] a reasonable doubt about the defendant's own culpability, [it] must acquit.[37]

This case will be no different. Defendant is the accused. As the State acknowledges,[38] it could not prove *Defendant* intended to cause Daughter to have sexual contact with *him* by introducing evidence of sexual contact between Daughter and *someone else*. The Court will instruct the jury that Defendant's intent is what matters.[39] Defendant fails to align his contrary interpretation with the larger

---

[36] *Bishop*, 1991 WL 78470, at *4 (internal quotation marks omitted).

[37] *Coleman*, 320 A.2d at 742 (internal quotation marks omitted). *See State v. Magner*, 732 A.2d 234, 241 (Del. Super. Ct. 1997) (observing that reasonable person clause in a different statute "preserve[d] an objective inquiry" but also that the defendant's "subjective mental state . . . [was] important insofar that reasonableness" was to be determined "from the viewpoint of a reasonable person in the accused's situation" (emphasis and internal quotation marks omitted)).

[38] State's Opp. at 3–4.

[39] *See, e.g.*, *Smith v. State*, 2014 WL 2927349, at *3 (Del. June 25, 2014) (rejecting, in the context of analogous reasonable person language, "Smith's argument that the jury applied a civil reasonable-person standard" because "when taken as a whole, the instructions reasonably informed the jury that their evaluation related to Smith's state of mind and not a reasonable person's").

statutory scheme within which an objective standard of review plainly fits. Accordingly, his motion must be denied.

### b. Caselaw confirms that the reasonable person clause functions as a tool for assessing the circumstances surrounding the alleged offense.

These conclusions are not new. Almost 30 years ago, then-Resident Judge Steele in *State v. Row*[40] presided over a bench trial involving a gymnastics teacher during which the State sought to prove that the defendant had unlawful sexual contact with two minors when he "fondle[d]" or "touch[ed]" their clothed "breasts" and "vaginas."[41] Having analyzed the statutory text, the Court determined that the State could not prove sexual contact unless it satisfied two elements. First, the defendant "acted intentionally; that is, it was his conscious objective to [h]ave sexual contact with" the minors.[42] And second, "a reasonable person under the circumstances would find the *[d]efendant intended* [the] touchings to be sexual in nature."[43]

Applying these elements to the evidence, the Court acquitted the defendant, finding "the State did not prove beyond a reasonable doubt the [d]efendant intended

---

[40] 1994 WL 45358 (Del. Super. Ct. Feb. 1, 1994).

[41] *Id.* at *6.

[42] *Id.* (formatting and emphasis omitted).

[43] *Id.* at *7 (emphasis added).

12

contact which a reasonable person could conclude to be of a sexual nature."[44]  As

support for its verdict, the Court cited the "reasonable doubt" created by defendant's

testimony: "he did not intend his [touchings] to have sexual connotations."[45]

More important, the Court understood throughout that the reasonable person

clause functioned solely as a jury instruction governing the Court's deliberations on

the defendant's subjective intent:

> The Court must judge the believability of each witness and determine the    weight given to *all* trial testimony. The Court should consider . . . the *reasonableness or unreasonableness* of the testimony . . . and *all other facts and circumstances shown by the evidence which affect the believability of the testimony* . . . . [T]o convict the Defendant of [USC I], the Court must  determine not only that the touchings occurred, but also that a reasonable person under the circumstances would find *the Defendant intended* these touchings to be "sexual in nature."[46]

In other words, the Court did not deliberate on a reasonable person's intent.  Instead,

the Court used a reasonableness standard to determine whether the defendant's

stated subjective intent was "believable."  Indeed, the Court ultimately found the

defendant's stated intent to be the most credible evidence adduced at trial.

Defendant's montage of decontextualized case quotations does not feature

*Row*.[47]  But *Row* further undermines his bid for dismissal.  *Row* holds that the State

---

[44] *Id.* at *9.  The Court convicted the defendant on the lesser-included crime of offensive touching instead.  *See id.* at *10–11.

[45] *Id.* at *9.

[46] *Id.* at *1, *8 (emphases added).

[47] *See, e.g.*, Def.'s Mot. to Dismiss at 4–14.

must prove Defendant to have contact that *he* intended to be "sexual in nature." And *Row* also teaches that the jury must decide Defendant's subjective intent, not the intent of a reasonable person. Defendant cites no authority of his own for deeming a charge unconstitutional simply because it contains an objective standard of review.[48] Consequently, he has not rebutted the presumption of constitutionality that attaches to every statute as a successful facial challenger invariably must. Accordingly, his objective-intent argument fails.

In sum, neither the statute's plain language nor precedent applying it establishes that the charges violate due process. Because Defendant did not demonstrate that the statutes are unconstitutional under any set of circumstances, his motion must be denied.

## B. Even if the charges could be read to have an unconstitutional meaning, the indictment still would survive dismissal.

Having found no support in the statutes' words, Defendant resorts to adding some of his own. He argues that the sexual contact definition is unconstitutional

---

[48] *But see State v. Thomas*, 2021 WL 3661117, at *2 (Del. Super. Ct. Aug. 17, 2021) (observing "subjective and objective considerations" in Title 11's "without consent" definition, which uses a reasonable person standard for assessing evidence, not defendant's intent (citing 11 *Del. C.* 761(k)(1))); *State v. Harris*, 2017 WL 1505219, at *17 (Del. Ct. Com. Pl. Aug. 20, 2017) (same); *but see also Clark v. State*, 2008 WL 3906890, at *3 (Del. Aug. 26, 2008) (upholding sufficiency of attempted rape conviction where reasonable person could have concluded from the evidence that the victim did not consent); *Johnson v. State*, 2007 WL 1575229, at *3 (Del. May 31, 2007) (same).

because it does not require the State to prove that he obtained "sexual gratification" from the alleged sexual contact. Defendant does not explain why the federal or Delaware Constitution prohibits the General Assembly from criminalizing child sexual abuse that is not sexually gratifying to the abuser. Instead, he annexes to his motion a digest of laws from other jurisdictions in which a gratification element exists.[49] Even so, his observation that different states have different laws may take him to the end of a sentence, but it says nothing about the Constitution. Charged under a Delaware indictment, Defendant cannot obtain its dismissal by calling a few *foreign* charges *constitutional*. Quite the opposite: Defendant had to demonstrate how his *Delaware* charges are *unconstitutional*.[50] He did not.

Nevertheless, even if the Constitution prohibited, to some extent, a sexual contact definition that does not include a sexual gratification element, the Court still would not dismiss the indictment. Assuming the definition's constitutionality is ambiguous, the Court is bound to avoid an unconstitutional construction if doing so would prevent absurd results and would not "impair[] the legislature's purpose."[51]

---

[49] *E.g.*, Def.'s Mot. to Dismiss at 11–12 (surveying Ohio and New York law).

[50] *E.g.*, *Sierra*, 238 A.3d at 156; *see also Hobson*, 83 A.2d at 851.

[51] *Hazout*, 134 A.3d at 286 & n.42. *See also Clark v. Martinez*, 543 U.S. 371, 381–82 (2005) ("One of the canon[] [of constitutional avoidance's] chief justifications is that it allows courts to *avoid* the decision of constitutional questions. It is a tool for choosing between competing *plausible* interpretations of a statutory text, resting on the reasonable presumption that Congress did not intend the alternative which raises constitutional doubts. The canon is thus a means of giving effect to congressional intent, not of subverting it." (second emphasis added) (citations omitted)).

15

"Absurd" is a mild way of describing the aftermath that would follow from Defendant's facial attack.

Delaware courts have documented the evolving legislative history of the definition of sexual contact.[52] In short, the General Assembly deleted qualifiers like "arouse" or "gratify" from the definition to maximize protection of children from sexual abuse.[53] By removing a sexual gratification element, the legislature plainly had a victim-centric focus. The USC I and Child Sexual Abuse II statutes on the books today forbid any touching of an adult's genitalia by a child that is intended to be "sexual in nature," even if the touching is not sexually gratifying to the adult.

Of course, a statute may be invalid despite the legislature's best intentions.[54] So let us imagine, as Defendant invites,[55] that the Court finds the sexual contact definition unconstitutional for lack of a sexual gratification element. For good

---

[52] *See generally, e.g.*, *State v. Sapps*, 820 A.2d 477, 486–87 (Del. Fam. Ct. 2002).

[53] *See Row*, 1994 WL 45358, at *7; *see also United States v. Dahl*, 833 F.3d 345, 356 (3d Cir. 2016) (observing that Delaware's sexual contact definition "is broader than the federal law's" definition, which does have a sexual gratification element); *cf. Dorsey v. City of Dover Bd. of Elections*, 1994 WL 146012, at *6 (Del. Super. Ct. Mar. 25, 1994) (holding that conduct satisfying Ohio's definition of sexual contact, which includes a sexual gratification element, necessarily would also satisfy Delaware's definition, which does not include such an element).

[54] *E.g.*, *CFTC v. Schor*, 478 U.S. 833, 841 (1986) ("Although [courts] will often strain to construe legislation so as to save it from constitutional attack, [they] must not and will not carry this to the point of . . . judicially rewriting it." (alteration and internal quotation marks omitted)); *accord Hazout*, 134 A.3d at 286 n.42.

[55] *But see, e.g.*, *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450–51 (2008) (explaining that a facial challenge to a statute's constitutionality cannot be "speculative" or based on "hypothetical" or "imaginary" scenarios).

measure, let us also imagine the Court strikes the reasonable person clause, thereby requiring the State to prove a subjective intent to have sexual contact only by direct evidence. Now a father could sexually abuse his daughter freely so long as, according to *him*, the abuse was a mere anatomy lesson that he intended to be educational. Without an objective lens of reasonableness through which to review his stated intent, the abuser's conduct would be legal and he would be acquitted every time.

Defendant thinks this disturbing result is constitutionally compelled. But the Court will not find a statute unconstitutional if a constitutional interpretation would discharge the legislature's intent in the generic case.[56] Nor will the Court reinsert terms the General Assembly chose to omit.[57] And the Court cannot adopt a statutory interpretation that is patently absurd.[58] With these targets set, Defendant's reading misses the mark.

To begin, the General Assembly purposefully removed a gratification element from the statute. It did so to ensure children, like Daughter, would be protected from

---

[56] *See Bridgeville Rifle*, 176 A.3d at 652; *Hazout*, 134 A.3d at 286–87 & nn.42–44; *Baker*, 720 A.2d at 1144.

[57] *See, e.g.*, *Fuller v. State*, 104 A.3d 817, 822 (Del. 2014) (reasoning that where, as here, the General Assembly removes certain words from a statute and then inserts different words in their place, the resulting meaning is presumptively intentional); *Giuricich v. Emtrol Corp.*, 449 A.2d 232, 238 (Del. 1982) (holding that there is "no room" for judicial rewording of an unambiguous statute).

[58] *Monceaux*, 51 A.3d at 477.

all contact-based sexual abuse—even abuse an accused says he found ungratifying. Here, an objective analysis of the circumstances surrounding Defendant's stated intent would allow incredible evidence to be impeached and rejected and so would discharge the legislature's intent to widen the scope of child sexual abuse protection.

Enforcing the statutes' language as written also safeguards Defendant's due process rights. In this context, due process (i) requires the State to prove all the material elements defining the charges beyond a reasonable doubt; and (ii) affords Defendant a fair opportunity to defend himself.[59] Here, the plain language of the reasonable person clause does not preclude the jury's consideration of Defendant's subjective intent. So a jury cannot find Defendant guilty of USC I or Child Sexual Abuse II unless the State proves beyond a reasonable doubt that he (i) intentionally caused or allowed Daughter to touch his penis; and (ii) intended Daughter's touching to be sexual in nature.[60] By the same token, Defendant may defend against both charges on the ground that (i) the touching was not intentionally induced; or (ii) he did not intend any touching to be sexual in nature. Taken together, the charges put

---

[59] *E.g.*, *Fiore v. White*, 531 U.S. 225, 228–29 (2001) (proof beyond a reasonable doubt); *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973) (defenses); *see* 11 *Del. C.* § 301(a)–(b) (codifying burden); 11 *Del. C.* § 252 (codifying material element requirement); *cf.* Model Penal Code §§ 1.13(10), 2.02(1), (2)(a) (1972) (defining the material element requirement Title 11 incorporates).
[60] 11 *Del. C.* §§ 761(g)(1), (g)(1)(b)–(c), 769(a)(3), 778A(1).

18

"fundamental elements of fairness" in Defendant's trial:[61] the State carries the burden and Defendant can raise defenses. Due process demands nothing more.[62]

Against all this, Defendant's reading would achieve the patently absurd outcome of judicially legalizing sexually "ungratifying" child abuse that the General Assembly actively tried to eliminate. Whether based on the Constitution or not, Defendant's interpretation is easily avoidable.

To be sure, Defendant is free to tell the jury anything he wishes about his intent. This decision will not stop him. Still, Defendant goes too far when he suggests that his stated intent must defeat as a matter of law any evidence tending to belie it. The Constitution grants Defendant the right to testify in his own defense. But it does not command the jury to accept whatever he says. Should the jury find the evidence to support Defendant's side of the story, then perhaps, like the Defendant in *Row*, he will be acquitted. His pre-trial arguments, however, offer no basis for dismissing the indictment. Accordingly, his gratification argument fails.

## C. Defendant's remaining challenges lack merit.

Finally, Defendant insists the presence of an objective standard in the jury room will confuse jurors into thinking his subjective intent is irrelevant and so will effectively impose a mandatory presumption of guilt. Defendant's pleading-stage

---

[61] *Monceaux*, 51 A.3d at 477 (internal quotation marks omitted).
[62] *See* 16C C.J.S. *Constitutional Law* § 1610, Westlaw (online ed. database) (last updated Mar. 2022) (summarizing applicable principles).

concerns over jury instructions are premature and do not bear on the indictment's legal sufficiency. Even so, the Delaware Supreme Court has rejected his theories.

In *Deputy v. State*,[63] the Supreme Court considered an identical challenge to similar language. The Supreme Court explained that reasonable-under-the-circumstances instructions, when properly given, create "permissive inferences" of intent; they neither shift a burden of proof to the defendant nor constrain the jury to rendering a guilty verdict.[64] In doing so, the Supreme Court also rebuffed a broader challenge to the fact-finding framework implied by a reasonable person clause for the same reasons this Court rejected Defendant's challenge earlier:

> Finally, we note that the problems involved in proving the existence of a person's state of mind necessitate some reliance on circumstantial evidence . . . . As a matter of common sense, in judging the sufficiency of the evidence as to the state of mind, the jury must be able to weigh the conduct of the defendant.[65]

To reiterate, the Court will craft instructions that "reasonably inform[] the jury" of its duty to determine Defendant's "state of mind and not a reasonable person's" state of mind.[66] Accordingly, these arguments, like all the other ones, fail.

---

[63] 500 A.2d 581 (Del. 1985).

[64] *Id.* at 596–98.

[65] *Id.* at 597 (internal quotation marks omitted) (citing 11 *Del. C.* § 307 cmt.).

[66] *Smith*, 2014 WL 2927349, at *3. *See, e.g.*, *Bishop*, 1991 WL 78470, at *4–5 (rejecting challenge to jury instructions that attacked reasonable person standard).

## CONCLUSION

Defendant had to demonstrate clearly that the indicted offenses could not be prosecuted constitutionally under any set of facts. He did not. Accordingly, his motion to dismiss must be **DENIED**.

**IT IS SO ORDERED**.

Charles E. Butler, Resident Judge