# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WALIKE PARHAM | ) | ID Nos. 2205008776; 2201008514 |
| KYAIR KEYS | ) | ID Nos. 2205008790; 2201008498; 2201008460 |
| JAHMIR MORRIS-WHITT, | ) | ID Nos. 2205008809; 22010077496 |
| | ) | |
| Defendants. | ) | |

Submitted: July 26, 2023
Decided: September 15, 2023

## ORDER

*Upon Defendant Jahmir Morris-Whitt's Motion to Sever,*
**GRANTED in part, DENIED in part, and DEFERRED in part.**

Jillian L. Schroeder, Esquire and Samuel B. Kenney, Esquire, Deputy Attorneys General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, Delaware 19801, Attorneys for the State.

Dade D. Werb, Esquire, GIORDANO, DELCOLLO, WERB, & GAGNE, LLC, 5315 Limestone Road, Suite 210, Wilmington, DE 19808, Attorney for Defendant Walike Parham.

Eugene J. Maurer, Jr., Esquire and Molly R. Dugan, Esquire, 1201-A King Street, Wilmington, DE 19801, Attorneys for Defendant Kyair Keys.

Kevin P. Tray, Esquire, 1400 North Market Street, Wilmington, Delaware 19801, Attorney for Defendant Jahmir Morris-Whitt.

**WHARTON, J.**

This 15th day of September, 2023, upon consideration of Defendant Jahmir Morris-Whitt's Motion to Sever;[1] the State's Responses,[2] and the record in this case, it appears to the Court that:

1.    On May 23, 2022, a 44 count indictment was returned against Jahir Morris-Whitt ("Morris-Whitt"); Markel Richards ("Richards"); Walike Parham ("Parham"); and Kyair Keys ("Keys").[3]  All of the seven incidents alleged in the Indictment occurred between January 14, 2022 and January 22, 2022, but not all of the defendants are charged in each incident.  Specifically, Counts 1 and 2 charge Richards and Parham with theft of a motor vehicle and conspiracy involving the theft in Newark of a 2012 Kia Optima occurring on January 14th.[4]  Counts 3 through 11 charge Morris-Whitt and Keys with attempted assault first degree (two counts) and related charges for a shooting  incident occurring in the 2200 block of North Washington Street in Wilmington, also on January 14th.[5]  Counts 12 and 13 charge Richards and Parham with theft of a motor vehicle and conspiracy involving the theft of a Mazda 3 sedan occurring in Wilmington on January 20th.  The Kia Optima stolen in Count I was utilized to facilitate the theft of the Mazda.[6]  Counts 14 through 22

---

[1] D.I. 24. (Docket Items numbers are from ID No. 2201007496.)
[2] D.I. 25.
[3] D.I. 5.
[4] *Id.;* Def.'s Mot. to Sever, D.I. 24; State's Resp, D.I. 25.
[5] *Id.*
[6] *Id.*

charge Richards, Parham and Morris-Whitt with attempted murder first degree (two counts) and related offenses involving a shooting on the east side of Wilmington occurring on January 20th. The Kia Optima was recovered and Morris-Whitt was arrested.[7] Counts 23 through 29 charge Richards, Parham and Keys with attempted murder and related offenses involving a shooting on South Heald Street in Wilmington occurring on January 22nd.[8] Counts 30 through 33 charge Keys with reckless endangering first degree and related charges involving a shooting in the 300 block of W. 7th Street in Wilmington on January 22nd.[9] Counts 34 through 37 charge Keys with disregarding a police officer's signal and various weapons offenses involving a high-speed chase in Wilmington later on January 22nd.[10] Counts 38 and 39 charge Richards with weapons offenses occurring on January 22nd.[11] Counts 40 and 41 charge Parham with weapons offenses occurring on January 22nd.[12] Counts 42 through 44 charge Keys with resisting arrest and traffic offenses occurring on January 22nd.[13] On May 1, 2023, Richards resolved the charges against him by

---

[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*

pleading guilty to a number of them.[14] Final case reviews are pending for the remaining defendants.

2. Morris-Whitt seeks severance both of certain charges and from his codefendants. He asks the Court to sever: (1) his charges of possession of a firearm by a person prohibited ("PFBPP") - Counts 9 and 19, from his other charges; (2) the counts associated with his charges from January 14th from those from January 20th; and (3) his trial from his codefendants' joint trial scheduled for December 4, 2023.[15]

3. In support of his request to sever the PFBPP charges, he contends that it would be unduly prejudicial to him if the jury were to learn that he was prohibited from possessing a firearm due to his prior criminal record.[16] He contends that the charges from the incident on January 20th should be severed from those on the 22nd because: (1) the strength of the evidence in each incident differs significantly and the jury might cumulate the evidence of the various crimes and find him guilty when, if considered separately, it would not;[17] (2) the jury may use the evidence of one of the crimes to infer a general criminal disposition of the defendant in order to find him guilty;[18] and (3) he may be prevented in presenting different and separate

---

[14] *See, State v. Richards,* ID No 2205008758, D.I. 13.
[15] Def.'s Mot. to Sever, at 8, D.I. 24.
[16] *Id.* at 9. The Indictment alleges in both Counts 9 and 19 that Morris-Whitt previously was convicted of the violent felony of reckless endangering first degree, D.I. 5.
[17] *Id.* at 10-12.
[18] *Id.* at 12.

defenses to the different charges[19].  Finally regarding severance from his codefendants, he argues that there is an absence of substantial independent competent evidence against him in the January 14th case, whereas his codefendants are much more closely tied to that incident and to each other.[20]  He further argues that it is "unavoidable" that he will present defenses antagonistic to his codefendants and that the jury will have difficulty segregating the State's case as between his codefendants and him.[21]

4.      In response, the State does not oppose severance of Morris-Whitt's PFBPP charges.[22]  It does oppose severance of the charges from January 14th from those from the 20th and the severance of his trial from that of the other defendants.[23] The State maintains that both sets of Morris-Whitt's charges are properly joined since they are of the same general character, involve a similar course of conduct, and occurred within a relatively short span of time.[24]  The State discounts the possibility that the jury will cumulate the evidence from both incidents to find him guilty of both where it might not do so if the incidents were tried separately.  It argues that the crimes are "inextricably intertwined" because it intends to offer evidence in the

---

[19] *Id.* at 12-14.
[20] *Id.* at 14-15.
[21] *Id.* at 15-16.
[22] State's Resp. to Def.'s Mot top Sever, at 5, D.I. 25.
[23] *Id.*
[24] *Id.* (citing *Younger v. State,* 496 A.2d 546, 550 (Del. 1985).

form of a recovered firearm from January 20th as proof of his involvement in the January 14th shooting, among other overlapping evidence.[25] In its view, proper instructions directing the jury to consider Morris-Whitt's liability for each offense separately and the evidence for each offense separately are sufficient to alleviate any cumulative effect from the joinder of the two incidents.[26] Further, the notion that Morris-Whitt might be precluded by virtue of joinder of the incidents from presenting an alibi defense to the January 14th incident thorough his own testimony is, at best, hypothetical and insufficient to warrant severance.[27] Finally, the State maintains that Morris-Whitt is properly joined with his codefendants.[28] It contends that there is substantial independent competent evidence of Morris-Whitt's guilt; he has not shown mutually antagonistic defenses going to the core of each defendant's defense, only potential hostility or inconsistent defenses; and any prejudice from a joint trial can be mitigated by a jury instruction directing the jury not to consider the evidence against one defendant in determining the guilt of the others.[29]

5. Under Delaware law, a criminal defendant may be tried simultaneously for two or more offenses.[30] Offenses will only be tried together if they are "of the

---

[25] *Id.* at 8-9.
[26] *Id*. at 10.
[27] *Id.* at 11.
[28] *Id.* at 12-15.
[29] *Id.*
[30] Super. Ct. Crim. R. 8(a).

same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."[31] The Court, however, has discretion to sever if the defendant shows "a reasonable probability that substantial prejudice may result from a joint trial."[32] The Defendant must show that the alleged prejudice manifestly outweighs the "dominant concern" of judicial economy and efficiency.[33] A showing of hypothetical prejudice is not enough.[34]

6. Delaware recognizes three types of prejudice:

> (1) when the jury may cumulate evidence of the various crimes charged and find guilt when, if considered separately, it would not;
> (2) when the jury may use evidence of one crime to infer a defendant's general criminal disposition in order to determine guilt of another crime/crimes;
> (3) when a defendant may be subject to embarrassment or confusion in presenting different and separate defenses to different charges.[35]

---

[31] *Id.*

[32] *Skinner v. State*, 575 A.2d 1108, 1118 (Del. 1990) (citing *Bates v. State*, 386 A.2d 1139, 1141 (Del. 1978)); *see* Super. Ct. Crim. R. 14.

[33] *State v. Howard*, 1996 WL 190045 at *4 (Del. Super. 1996) (citing *Drew v. United States*, 331 F.2d 85 (D.C. Cir. 1964); *United States v. Kenny*, 645 F.2d 1232 (9th Cir. 1981)).

[34] *Skinner*, 575 A.2d at 1118 (citing *Bates*, 386 A.2d at 1142).

[35] *Ashley v. State*, 85 A.3d 81, 84–85 (Del. 2014) (citing *Wiest v. State*, 542 A.2d 1193, 1195 (Del. 1988)).

7. When deciding whether to grant severance, the Court must consider each submission on a case-by-case basis.[36] Factors to consider include the number of charges,[37] the temporal and geographic proximity between acts,[38] and the reciprocal admissibility of evidence.[39] The Court also considers judicial economy.[40]

8. The Court agrees with the parties and finds severance of the PFBPP charges in Counts 9 and 19 appropriate. Morris-Whitt's Motion to Sever the PFBBB charges is **GRANTED**.

9. Neither Morris-Whitt, nor the State specify how they would prefer that the PFBPP charges be resolved. However, it makes no sense to the Court in terms of judicial economy to hold a separate trial on the PFBPP charges before a new jury at some future date where the State would be required to re-present its evidence on the possession element of the charge, rather than merely presenting its evidence as to Morris-Whitt's felony conviction to the same jury that already heard the possession evidence. Therefore, the Court will hold a bifurcated trial, either a jury trial with the same jury or a bench trial at the parties' election. This determination

---

[36] *Lampkins v. State*, 465 A.2d 785, 794 (Del. 1983).
[37] *McKay*, 382 A.2d, at 262.
[38] *State v. Hardy*, 2019 WL 4678123 (Del. Super. 2019).
[39] *Wiest*, 542 A.2d, at 1196 n. 3 (citing *Bates*, 386 A.2d at 1142); *see Getz v. State*, 538 A.2d 726, 734 (Del. 1988) (outlining the six guiding factors in determining admissibility of evidence of other crimes).
[40] *Mayer v. State*, 320 A.2d 713, 717 (Del. 1974).

is consistent with the Court's past practice and has the imprimatur of the Delaware Supreme Court.[41]

10.     It is clear to the Court that the two incidents in which Morris-Whitt is charged are of the same or similar character. Both incidents occurred in Wilmington and involved gunmen exiting vehicles and firing a number of shots at unknown individuals. The incidents were separated by less than a week, are sufficiently alike to be part of a common scheme and demonstrate a common *modus operandi*. Thus the Court finds that the incidents are properly joined under Superior Court Criminal Rule 8(a).[42]

11.     Morris-Whitt does not argue that the offenses were improperly joined, however. Instead, he argues that he is entitled to severance under Superior Court Criminal Rule 14 because he will be prejudiced by joinder.[43] In particular, he contends that: (1) the jury may cumulate the various charges against him and find him guilty, when if considered separately, it would not; (2) the jury may use the evidence of both sets of charges to infer a general criminal disposition to find guilt; and (3) he may be subject to embarrassment or confusion in presenting different and separate defenses to different charges.[44] In support of the last type of prejudice he

---

[41] *Monceaux v. State,* 51 A.3d 474 (Del. 2012).
[42] Super. Ct. Crim. R. 8(a).
[43] Def.'s Mot to Sever at 8-9, D.I. 24.
[44] *Id.* at 12-13.

cites as an example, the possibility that the January 14th case might allow for him to testify as to an alibi defense, but because of the possible inclusion of his statement in the January 20th case, he would be discouraged from doing so due to its apparent lack of credibility.[45] He also cites as an example a potential prejudicial level of jury confusion because of "the anticipated range of anticipated defenses" ranging from lack of *mens rea* to alibi.[46]

12. Under Rule 14, only when joinder will substantially prejudice a defendant will severance be appropriate.[47] The burden of demonstrating prejudice is on the defendant and "mere hypothetical prejudice" is insufficient.[48] Such prejudice must be "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the Court's discretion to sever."[49]

13. None of the arguments Morris-Whitt presents are persuasive. Morris-Whitt argues that there is a substantial disparity in the strength of the evidence in the two incidents such that a jury likely would cumulate the evidence from the two and convict him of the weaker January 14th incident where it might not do so if the incidents were severed. But, that argument ignores the fact that the State intends to present evidence that a firearm ballistically matching one used in the January 14th

---

[45] *Id.* at 13.
[46] *Id.*
[47] *Skinner v. State,* 575 A.2d 1108.
[48] *Id.* at 1118.
[49] *State v. Howard,* 1996 WL 190045, at *4.

incident was discarded in the path of his flight in the January 20th incident.[50] Such evidence would be admissible at a severed trial of the January 14th incident. So, even accepting that there may be some disparity in the relative strengths of the evidence in each incident (which Morris-Whitt overstates in the Court's view), there would be no diminution in any prejudice to him if the incidents were severed, because much of the same evidence would be presented against him in a severed trial as it would be in a joint trial.

14. Morris-Whitt is charged in only two incidents spanning less that a week's time. After severance of the PFBPP charges, there remain 13 counts against him - two counts of attempted assault first degree, two counts of possession of a firearm during the commission of a felony ("PFDCF"), one count of reckless endangering, one count of criminal mischief and one count of conspiracy second degree from the January 14th incident, and two counts of attempted murder first degree, one count of PFDCF, one count of conspiracy first degree, one count of criminal mischief and one count of resisting arrest from the January 20th incident.[51] Of those 13, three are PFDCF, two are conspiracies, two are criminal mischief, one is resisting arrest, and two allege attempted murder first degree. The last charges – two counts of attempted assault first degree and reckless endangering first degree

---

[50] State's Resp. to Def.'s Mot. to Sever, at 3, D.I. 23.
[51] D.I. 5.

often are lesser included offenses of attempted murder first degree. A fair summary of the allegations is that on two occasions Morris-Whitt and his codefendants agreed to shoot at people, shot at people, damaged property when they shot at people, and fled when the police arrived. Under these facts, the Court concludes that the charges against Morris-Whitt are neither so numerous, nor so diverse that they would cause the jury to infer a general criminal disposition in order to find him guilty.

15. Morris-Whitt also contends that if the two incidents are not severed, he will be prejudiced in presenting different and separate defenses to different charges, citing a possible intention to present an alibi defense through his own testimony in the January 14th incident and a *mens rea* defense or insufficiency of evidence defense in the other. The prejudice Morris-Whitt claims here is merely hypothetical prejudice, and not particularly substantial hypothetical prejudice at that. The Court suspects there is little to no chance Morris-Whitt will testify in either a severed or joint trial. If he were to testify, he runs the risk of being impeached with his prior violent felony conviction, negating the rationale for his request to sever the PFBB charges.[52] Moreover, Morris-Whitt has not provided the Court with any specific bases that might support any of his prospective defenses. Morris-Whitt's request to sever his January 14th charges from his January 20th charges is **DENIED.**

_____

[52] *See,* D.R.E. 609. The Court makes no ruling on the admissibility of that conviction here, but merely points out the possibility of its admissibility.

16. Lastly, Morris-Whitt moves to sever his trial from that of his codefendants. In support of this request, he cites the absence of substantial independent competent evidence of his guilt, "unavoidable" antagonistic defenses with his codefendants, and the difficulty in segregating the State's evidence as between his codefendants and him.[53] One of Morris-Whitt's codefendants – Richards – has resolved his charges, while the others – Keys and Parham  have not. Before determining whether Morris-Whitt's defense is antagonistic to that of his codefendants and what evidence a jury would need to segregate as between him and them, it would be helpful to the Court to know whether any of his codefendants will resolve their charges before trial. After they have had their final case reviews, which are scheduled for October, the Court will be in a better position to determine this portion of Morris-Whitt's severance motion. Accordingly, a decision on whether to sever Morris-Whitt's trial from his codefendants' trial is **DEFERRED** until after their final case reviews.

**THEREFORE,** for the reasons stated above, Defendant Jahmir Morris-Whitt's Motion to Sever the two counts of possession of a firearm by a person prohibited, Counts 9 and 19, is **GRANTED**. Those counts shall be tried in a bifurcated trial, either by the jury empaneled to try the other counts against him, or, if the parties elect, by the Court. His Motion to Sever offenses occurring on January

[53] Def.'s Mot. to Sever, at 14-15, D.I. 24.

14, 2022 and January 20, 2022 is **DENIED**. His Motion to Sever his trial from that of his codefendants, Walike Parham and Kyair Keys is **DEFERRED** until after their final case reviews.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.