**Patrick MONCEAUX, Defendant Below–Appellant,**

v.

**STATE of Delaware, Plaintiff Below–Appellee.**

**No. 404, 2011.**

Supreme Court of Delaware.

Submitted: July 11, 2012.
Decided: Aug. 22, 2012.

---

13. 288 Ga. 143, 702 S.E.2d 172 (2010).

14. *Id.* at 175.

15. *Ibid.* (Quotations omitted.).

Santino Ceccotti, Esquire (argued), and John P. Daniello, Esquire, of the Office of the Public Defender, Georgetown, Delaware for Appellant.

Elizabeth R. McFarlan, Esquire, of the Department of Justice, Wilmington, Delaware for Appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, and RIDGELY, Justices, constituting the Court en Banc.

RIDGELY, Justice:

Under Title 11, Section 777A of the Delaware Code, it is a separate crime for a registered sex offender to knowingly commit a sexual offense against a child.[1] Defendant–Below/Appellant Patrick Monceaux appeals from the denial of his motion to dismiss charges against him under Section 777A. He contends that the statute violated his right to due process under the United States and the Delaware Constitutions because placing his status as a sex offender directly in issue lessens the State's burden of proof and the presumption of innocence. Monceaux also contends that the trial judge erred by failing to address this constitutional argument when denying his motion to dismiss. Instead, the trial judge bifurcated the trial into two phases. In the first phase, the elements of the Unlawful Sexual Contact Second Degree charge were tried before a jury with no evidence of Monceaux's status as a sex offender. With the consent of Monceaux, the second phase of the trial, limited to determining his status as a registered sex offender, was tried before the trial judge.

The bifurcation procedure used by the trial judge in this case prevented the jury from hearing evidence of Monceaux's sex offender status before determining his guilt for purposes of Section 777A. For that reason, we find no merit to Monceaux's constitutional claim. We further hold that the Superior Court must use a bifurcation procedure in all future Section 777A cases, to avoid the potential constitutional issues raised here. Finally, because the alternate relief requested in Monceaux's motion to dismiss was bifurcation, which the trial judge granted, Monceaux's

second claim on appeal lacks merit. Accordingly, we affirm.

### Facts and Procedural History

Monceaux committed multiple acts of offensive touching and unwanted sexual contact against a fifteen-year-old girl. These acts included touching her breasts, touching her thigh, and assaulting her in a shed. At the time of these acts, Monceaux was a registered sex offender in the State of Delaware.

Monceaux was indicted on three counts of Unlawful Sexual Contact in the Second Degree, one count of Offensive Touching, and three counts of Sex Offender Unlawful Sexual Conduct Against a Child. After Monceaux filed a motion to sever, the State filed an amended indictment that excluded the charges for Unlawful Sexual Contact.

Monceaux moved to dismiss the indictment for Sex Offender Unlawful Sexual Conduct Against a Child and Offensive Touching, claiming that Section 777A violated his constitutional rights to due process and equal protection. After the State submitted its response, the trial judge returned Monceaux's motion to dismiss with instructions to submit a revised motion with fully-developed arguments. Monceaux submitted a revised motion, which withdrew his argument that Section 777A violates his right to equal protection but reasserted his arguments that the statute is unconstitutional on its face and violates his due process rights. After the State responded, it was determined at an office conference with the trial judge that an amended indictment would be filed before trial the next day.[2] The amended indict-

---

1. Title 11, Section 779A of the Delaware Code was designated as Section 777A effective June 30, 2010. 77 Del. Laws 2010, ch. 318, § 6.

2. *See* Del.Super. Ct.Crim. R. 7(e) ("The court may permit an indictment or an information to be amended at any time before verdict or finding if no additional or different offense is

ment contained three charges for Unlawful Sexual Contact in the Second Degree and one charge for Offensive Touching. It also removed any reference to Monceaux's sex offender status.

The trial was conducted in two phases. A two-day jury trial was held on three charges of Unlawful Sexual Contact in the Second Degree and one charge of Offensive Touching. The jury found Monceaux guilty of all charges. After Monceaux waived a jury trial, the Superior Court then conducted a bench trial on the issue of Monceaux's status as a registered sex offender. The trial judge found that Monceaux was a registered sex offender at the time of the acts constituting Unlawful Sexual Contact. The Superior Court then sentenced Monceaux under Section 777A to a total of nine years of Level V incarceration, suspended after completion of a Family Problems Program for six months of Level IV work release, followed by two years of Level III probation. This appeal followed.

### Analysis

Section 777(a), which was designated Section 779(a) at the time of the events at issue, provides:

(a) A sex offender who knowingly commits any sexual offense against a child is guilty of sex offender unlawful sexual conduct against a child.

(b) For purposes of this section, the term "sex offender" shall mean any person registered or required to be regis-

tered pursuant to §§ 4120(b)(1) and 4121(a)(4) of this title, or the laws of any other state, the United States or any territory of the United States.[3]

Monceaux contends that Section 777A is constitutionally unsound because it lowers the State's burden of proof and diminishes the defendant's presumption of innocence. Specifically, the statute requires the State to produce evidence of the defendant's sex offender status in a criminal proceeding for another sexual offense. Monceaux contends that this evidence conflicts with the principle that evidence of the defendant's character or prior bad acts may not be used to prove propensity to commit the offense charged. This Court reviews an alleged constitutional violation *de novo*.[4]

■ "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."[5] The Due Process Clause thus "guarantees the fundamental elements of fairness in a criminal trial."[6] A statute carries a strong presumption of constitutionality, "which, unless the evidence of unconstitutionality is clear and convincing, the court will be reluctant to ignore."[7] This Court has a duty to read statutes "so as to avoid constitutional questionability and patent absurdity."[8]

■ Even if this Court were to agree with Monceaux's constitutional argument,

charged and if substantial rights of the defendant are not prejudiced.")

3. 11 *Del. C.* § 777A.

4. *Harris v. State*, 956 A.2d 1273, 1275 (Del. 2008).

5. *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

6. *Spencer v. Texas*, 385 U.S. 554, 563–64, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

7. *Opinion of the Justices*, 425 A.2d 604, 605 (Del.1981) (citing *State Highway Dept. v. Delaware Power & Light Co.*, 167 A.2d 27 (Del. 1961)).

8. *Opinion of the Justices*, 295 A.2d 718, 721–22 (Del.1972).

it would have no practical impact in this case, because the Superior Court cured the alleged constitutional infirmity by requiring a redacted charge and bifurcating Monceaux's trial. The charge presented to the jury listed only the charges of Unlawful Sexual Contact Second Degree and Offensive Touching. After the jury found Monceaux guilty of these counts, a bench trial was held to determine his status as a registered sex offender. The jury was not presented with, and did not consider, any evidence or allegation of Monceaux's sex offender status before it convicted him of Unlawful Sexual Contact Second Degree and Offensive Touching.

■ The procedure followed in this case—bifurcating the trial and redacting the charging document—moots the significant constitutional issue Monceaux has raised. In *Getz v. State,* we held that:

> The relationship of the offered evidence to the ultimate fact or issue is the key to admissibility of other misconduct evidence. *The defendant's propensity to commit crimes, or his general bad character, is inconsistent with the presumption of innocence* and is never in issue, unless he tenders evidence of his character under D.R.E. 404(a)(1).[9]

Under Section 777A, the State must prove, as an element of the offense, that the defendant is a "sex offender," i.e., a "person registered or required to be registered pursuant to [any state or federal law]."[10] But, the introduction of the defendant's sex offender status is arguably inconsistent with the presumption of innocence in a proceeding for another sexual offense. This Court has a duty to interpret statutes

so as to avoid any constitutional conflict. A bifurcated trial and redacted charge eliminate the alleged conflict between Section 777A and the defendant's due process rights.

On appeal, the State repeatedly expressed its position that bifurcation was the correct approach for Section 777A cases, unless the parties stipulated to the defendant's sex offender status. Even in the latter case, the State took the position that "any indictment should be 'sanitized' for a jury, and that [the defendant's] status as a sex offender should not be placed before a jury in determining the guilt or innocence of the underlying sexual offenses." We agree. We also approve the bifurcation ordered in this case and hold that bifurcation is required for all future trials under Section 777A.

We expressly limit our holding on the bifurcation remedy to Section 777A, which is distinguishable from other statutes that require some showing of status as an element of a criminal offense. For example, 11 *Del. C.* § 1448(a), the statute criminalizing the possession and purchase of deadly weapons by "persons prohibited," often requires the State to show that the defendant was convicted of another crime.[11] Defense counsel did not take the position at oral argument, nor do we hold here, that trial judges also must hold a separate trial to establish that the defendant is a "person prohibited." That statute manifests a legislative intent that persons convicted of certain offenses have forfeited certain rights available to the general public, including the right to possess a deadly weapon.[12] By contrast, Section 777A ad-

9. 538 A.2d 726, 731 (Del.1988) (emphasis added).

10. 11 *Del. C.* § 777A.

11. 11 *Del. C.* § 1448(a).

12. *See State v. Robinson,* 251 A.2d 552, 555 (Del.1969) (explaining that statute demonstrates clear legislative intent "to protect the public from the actions of members of that class of persons who, by their past conduct,

dresses sexual offenses that already constitute criminal conduct under other sections of the Code. Section 777A makes it a more severe crime for a sex offender to commit one of those offenses against a child. Moreover, in every case under Section 777A, the defendant's status as a sex offender relates directly to the new crime charged. For these reasons, we limit our holding to Section 777A.

Because the Superior Court followed an appropriate bifurcation procedure in this case, Monceaux's federal constitutional claim is moot. To the extent that Monceaux is asserting a violation of his rights under the Delaware Constitution, that claim is not only moot but also is waived for failure to brief this argument fully on appeal.[13]

Finally, we find no merit to Monceaux's claim that the trial judge erred by declining to rule on the constitutional issue raised in Monceaux's motion to dismiss. In his motion to dismiss, Monceaux stated that he was "prepared to waive the jury and either proceed to bench trial or perhaps stipulate to [his sex offender status]" if found guilty by the jury of Unlawful Sexual Contact Second Degree. Although Monceaux was entitled to a jury trial on his status as a sex offender, he voluntarily waived that right for the second phase of his trial. Given his waiver of a jury trial on his status as a sex offender, a bench trial was held to determine that issue beyond a reasonable doubt. The bifurcation procedure sought by Monceaux in the alternative, and used by the Superior Court, rendered Monceaux's constitutional claim moot and purely academic. Thus, it was unnecessary for the trial judge to rule on the merits of that claim.

have shown themselves unworthy to possess firearms.")

*Conclusion*

The judgment of the Superior Court is **AFFIRMED.**

13. *See Ortiz v. State,* 869 A.2d 285, 290–91 & n. 4 (Del.2005).