Dallas H. DRUMMOND, Jr., Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 206, 2012.

Supreme Court of Delaware.

Submitted: Oct. 31, 2012.
Decided: Nov. 21, 2012.

Adam D. Windett, Esquire, of Donovan Hopkins & Windett, LLC, Dover, Delaware; for Appellant.

John Williams, Esquire, of the Department of Justice, Dover, Delaware; for Appellee.

Before HOLLAND, BERGER and JACOBS, Justices.

JACOBS, Justice:

Dallas H. Drummond, Jr., the defendant-below, appeals directly from his convictions, by a Superior Court jury, of two counts of First Degree Rape and one count of Unlawful Conduct Against a Child by a Sex Offender ("Unlawful Conduct"). Drummond claims that the trial court reversibly erred by denying his (and the State's) joint motion to sever the Rape charges from the Unlawful Conduct charge. While Drummond's appeal was pending, we decided *Monceaux v. State*,[1] which relevantly holds that a trial court "must use a bifurcated procedure in all future [Unlawful Conduct Against a Child by a Sex Offender] cases."[2] Because *Monceaux* controls this case, we REVERSE the convictions and REMAND for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

In April 2009, Drummond allegedly committed sexual assault against his 8–year–old stepdaughter ("child"). At the time of the alleged incident, Drummond had a previous sex offense conviction on his record and was registered as a sex offender. In January 2010, after the child informed her mother about the alleged incident, Drummond was arrested and charged with, among other things, First Degree Rape and Unlawful Conduct. In October 2011, the Superior Court held a jury trial on the First Degree Rape charges, and a bench trial on the Unlawful Conduct charge. The jury did not reach a verdict on the Rape charges, but the trial court convicted Drummond of the Unlawful Conduct charge. That latter conviction was later vacated, on the ground that Drummond had not explicitly waived his right to a jury trial on his Unlawful Conduct charge.[3]

On October 17, 2011, before the retrial, Drummond and the State moved to sever the Unlawful Conduct charge from the Rape charges, because one element of the Unlawful Conduct offense was Drummond's registered sex offender status. Their argument was that the jury's knowledge of Drummond's sex offender status would materially prejudice his defense against the rape charges. A Superior Court judge had granted the same severance motion before Drummond's first trial. On this occasion, however, a different Superior Court judge denied the severance motion. That judge reasoned that technological advancements since *Getz v. State*[4] "indicat[ed] that prior sexual misconduct is

1. 51 A.3d 474 (Del.2012).

2. *Id.* at 476.

3. *State v. Drummond,* Cr. I.D. No. 1001008949 (Del.Super. Oct. 12, 2011) (order).

4. 538 A.2d 726, 734 (Del.1988) (upholding the exclusion of certain evidence of a defendant's past criminal sexual conduct).

markedly pertinent to the consideration and understanding of whether or not a person has committed another sexual crime."[5] The "present scientific knowledge," the court concluded, "is that the evidence of prior acts is not only relevant, but is critical to the determination of a person's having committed another sexual crime—the one charged."[6] By order dated December 22, 2011, the Superior Court denied the parties' joint severance motion.

Thereafter, Drummond stipulated to his sex offender status, and in April 2012, was retried on both offenses before a jury. During that trial, the jury heard references to and evidence about Drummond's sex offender status. The jury eventually found Drummond guilty on all counts, and the Superior Court sentenced him to life imprisonment for each of his two Rape convictions, plus fifty years at Level .V incarceration for his Unlawful Conduct conviction.

This appeal followed.

### ANALYSIS

 Drummond claims that the Superior Court abused its discretion by denying his (and the State's) joint severance motion in violation of the procedures mandated by *Getz* and *Monceaux.* We review a Superior Court denial of a motion to sever for abuse of discretion,[7] and review questions of law *de novo.*[8]

 In *Monceaux,* the defendant was convicted of multiple counts of Unlawful Conduct.[9] He argued on appeal that the relevant statute, 11 *Del. C.* § 777A,[10] was facially unconstitutional because it required a jury to hear evidence of his earlier sex offense convictions when deciding his guilt of the charged offense. He specifically contended that the statute offended his right to due process, because it diminished the State's burden of proof and eliminated the presumption of innocence. His counsel conceded, however, that a bifurcated trial—where a defendant's sex offender status would not be disclosed to the jury that was considering the defendant's guilt of a related offense—cured any constitutional infirmity relating to the statute. This Court agreed and affirmed the defendant's conviction after a bifurcated trial. We further held that the Superior Court "must use a bifurcation procedure in all future Section 777A cases."[11]

The State argues that *Monceaux* should not apply retroactively to this case because the bifurcation issue arose on direct appeal. We disagree. This Court has held that newly pronounced case law on a direct appeal may be applied in that same case.[12] Alternatively, the State contends that Drummond waived his argument for a bifurcated trial by stipulating to his sex offender status before his retrial. Drummond so stipulated, however, only after the trial court had improperly denied his and the State's severance motion. Drummond's stipulation, therefore, cannot by itself constitute a waiver of his right to

---

5. *State v. Drummond,* Cr. I.D. No. 1001008949A, at 5 (Del.Super.Dec. 22, 2011) (order).

6. *Id.*

7. *Burton v. State,* 149 A.2d 337 (Del.1959).

8. *Gattis v. State,* 955 A.2d 1276, 1281 (Del. 2008).

9. *Monceaux v. State,* 51 A.3d 474 (Del.2012).

10. 11 *Del. C.* § 777A, effective June 30, 2010, was previously designated 11 *Del. C.* § 779A, which is the identical statutory provision under which Drummond was charged. *See* 77 Del. Laws 2010, ch. 318, § 6.

11. *Monceaux,* 51 A.3d at 476.

12. *Flamer v. State,* 585 A.2d 736, 746 (Del. 1990).

argue on appeal his entitlement to bifurcation.

Because the court below did not bifurcate Drummond's trial, the jury decided the Rape charges after having heard evidence that Drummond was a convicted sex offender at the time of the alleged 2009 sexual offense. *Monceaux* requires that we reverse Drummond's convictions.

### CONCLUSION

For the reasons stated above, we REVERSE the judgments of conviction and REMAND the case for further proceedings consistent with this Opinion.