IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CROWN BANK, | § | |
| | § | No. 213, 2022 |
| Defendant/Counterclaim | § | |
| Plaintiff-Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No: N15C-11-062 |
| BCD ASSOCIATES, LLC, | § | |
| | § | |
| Plaintiff/Counterclaim | § | |
| Defendant-Below, | § | |
| Appellee. | § | |

Submitted: January 25, 2023
Decided: February 14, 2023

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## O R D E R

This 14th day of February 2023, after consideration of the parties' briefs, the record on appeal, and the argument of counsel, it appears to the Court that:

1. Crown Bank is appealing the Superior Court's entry of judgment in BCD's favor in *BCD Associates, LLC v. Crown Bank*.[1]

2. In 2012, Crown Bank extended MRPC Christiana LLC a $12,988,000 loan to fund the renovation of a hotel in Newark, DE. MRPC, in turn, hired BCD to perform the renovation work, and the pair entered into a construction agreement.

---

[1] 2022 WL 1316234 (Del. Super. Ct. May 2, 2022).

3.      In 2015, BCD filed a complaint against Crown Bank in the Superior Court for non-payment of services.  BCD's action was stayed pending the resolution of MRPC's concurrent litigation with Crown.  Meanwhile, in a mechanic's-lien action initiated by BCD against MRPC, BCD and MRPC entered into a stipulated judgment resolving all claims between them.  Under the stipulation, which was filed in the Superior Court in December 2016, MRPC consented to the entry of judgment "in favor of BCD and against MRPC in the amount of $1,083,677.91, plus reasonable attorney's fees, pre- and post- judgment interest."[2]  MRPC did not assert any counterclaims against BCD in the mechanic's-lien action.

4.      MRPC was ultimately found to be in default on its loan from Crown, and, in 2018, the Superior Court lifted its stay on BCD's action against the bank. BCD then moved to amend its 2015 complaint to add claims for promissory estoppel and misrepresentation.  The court granted BCD's motion and held that the new claims related back to its original complaint.  Crown answered the amended complaint and for the first time asserted counterclaims, including two for breach of contract arising out of BCD's construction agreement with MRPC—Crown claimed to have assumed MRPC's rights under the loan agreement upon MRPC's default—

---

[2] *BCD Associates, LLC* v. *MRPC Christiana, LLC*, C.A. No. N15L-03-101 (Del. Super. Ct. Dec. 6, 2016).

one for fraud arising out of allegedly faulty invoices that BCD had submitted for its work on the project, and one for civil conspiracy based on the alleged fraud.

5.    In a November 5, 2018 bench ruling, the Superior Court dismissed Crown's breach of contract counterclaims for "two independent reasons."[3] The first was that the claims were untimely. The second was that the claims were barred under the doctrine of *res judicata* because they should have been raised in the proceeding between BCD and MRPC, which, as previously mentioned, had concluded in a stipulated judgment.

6.    The Superior Court re-affirmed these grounds for dismissal throughout its oral ruling, stating that the breach of contract counterclaims were subject to "not only the statute of limitations bar, but, alternatively, the doctrines of preclusion"[4] and, again, "the statute of limitation or doctrines of preclusion preclude [the breach of contract claims]."[5] This ruling was explicitly made an order of the court.[6]

7.    The parties proceeded to trial, and the Superior Court issued its Decision After Trial on May 2, 2022, finding Crown liable to BCD for breach of contract, but also, "in the alternative," under theories of unjust enrichment and

---

[3] App. to Opening Br. at A1264.
[4] *Id.* at A1267.
[5] *Id.* at A1274.
[6] *See id.* ("So that's the ruling of the Court. It's on the record; it's so ordered.").

promissory estoppel.[7] Specifically, the court found that "BCD is entitled to recovery of $1,083,677.91 [from Crown] under the theory of unjust enrichment" and that "BCD has proved its promissory estoppel claim against Crown."[8]

8. The court also found that Crown did not offer proof sufficient to establish its fraud claim and, more particularly, that Crown had not shown that it justifiably relied on any purportedly false statement by BCD.[9] And because Crown could not prevail on its counterclaim for fraud, the court also determined that it was precluded from finding in favor of Crown on its civil conspiracy claim.

9. In this appeal, Crown challenges the Superior Court's dismissal of its breach-of-contract counterclaims as time-barred; the court's finding that Crown was liable to BCD under breach of contract; and the court's finding against Crown on its counterclaims for fraud and civil conspiracy. Crown did not, however, appeal the Superior Court's dismissal of its breach-of-contract counterclaims on *res judicata* grounds. Nor did Crown appeal the court's determination that it was liable to BCD under unjust-enrichment and promissory-estoppel theories.

10. "The rules of this Court specifically require an appellant to set forth the issues raised on appeal and to present an argument in support of those issues in their

---

[7] *BCD Associates*, 2022 WL 1316234, at *21. *See also id.* at *2 ("Whether the recovery is through a breach of contract claim, a promissory estoppel claim or a claim for unjust enrichment, the Court finds in favor o[f] BCD.").

[8] *Id.* at *18–19.

[9] The Superior Court emphasized that it did not find that BCD knowingly made any false statements to Crown.

opening brief."[10]  If an appellant "fails to comply with these requirements on a particular issue, the appellant has abandoned that issue on appeal irrespective of how well the issue was preserved at trial."[11]

11.    Because Crown did not challenge the Superior Court's dismissal of its breach-of-contract counterclaims on *res judicata* grounds, that dismissal will stand irrespective of any decision we might reach regarding the court's dismissal on statute-of-limitations grounds.  Likewise, because Crown did not challenge the Superior Court's finding that it was liable to BCD under unjust-enrichment and promissory-estoppel theories, the Court's judgment in BCD's favor stands on those independent grounds irrespective of any views we might express on the sufficiency of BCD's breach-of-contract claim.  Hence, Crown's challenges to the dismissal of its contract counterclaims and the Superior Court's liability finding in BCD's favor are "purely academic"[12] and moot.

12.    Turning to Crown's final challenge, we affirm the Superior Court's denial of Crown's fraud and civil-conspiracy counterclaims on the basis of and for the reasons stated in its May 2, 2022 Decision After Trial.  The Superior Court's factual finding that Crown did not prove the justifiable-reliance element of its fraud claim was based on witness testimony the court found to be credible and evidence

---

[10] *Roca v. E.I. du Pont de Nemours & Co.*, 842 A.2d 1238, 1242 (Del. 2004).
[11] *Id.*
[12] *Monceaux v. State*, 51 A.3d 474, 479 (Del. 2012).

5

showing that Crown had "continued to lend over issues regarding cost overruns and invoicing."[13] This finding was not clearly erroneous. And because claims for civil conspiracy are not independent causes of action and instead require the commission of an underlying wrong, the Superior Court's conclusion that Crown's civil-conspiracy counterclaim failed was correct.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[13] *BCD Associates*, 2022 WL 1316234, at *20.