IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALEX JUSTICE, | § | |
| | § | |
| Defendant Below, | § | No. 324, 2023 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1203006756 (S) |
| | § | |
| Appellee. | § | |

Submitted: November 9, 2023
Decided: January 11, 2024

## ORDER

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

After consideration of the appellant's opening brief, the appellee's motion to affirm and the record on appeal, it appears to the Court that:

(1) The appellant, Alex Justice, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Justice's opening brief that his appeal is without merit. We agree and affirm.

(2) In April 2012, a grand jury indicted Justice on eight counts of sex offender unlawful sexual conduct against a child under 11 *Del C.* § 777A. Seven counts were based on the underlying sexual offense of second-degree rape ("USC Second-Degree Rape") and one count was based on the underlying sexual offense

of second-degree unlawful sexual contact. The charges arose from Justice's sexual contact with a thirteen-year old child in March 2012.

(3) The trial was bifurcated as required by *Monceaux v. State*.[1] After a jury trial on whether Justice was guilty of second-degree rape and unlawful sexual contact and a bench trial on whether Justice was guilty of being a sex offender at the time of the crimes, Justice was convicted of two counts of sex offender unlawful sexual conduct against a child (one count based on second-degree rape and one count based on second-degree unlawful sexual contact) and acquitted on the remaining counts. After that, the Superior Court granted the State's petition to declare Justice a habitual offender under 11 *Del. C.* § 4214(a) as to the USC-Second Degree Rape conviction and sentenced Justice as follows: (i) for USC Second-Degree Rape, life imprisonment under Section 4214(a); and (ii) for sex offender unlawful sexual conduct against a child based on second-degree unlawful sexual contact, five years of Level V incarceration, suspended for Level III probation. This Court affirmed the Superior Court's judgment on direct appeal.[2]

(4) In 2015 and 2022, the Superior Court denied Justice's motions for postconviction relief under Superior Court Criminal Rule 61.[3] In 2020, the Superior

---

[1] 51 A.3d 474 (Del. 2012).
[2] *Justice v. State*, 2013 WL 3722357 (Del. July 11, 2013).
[3] *Justice v. State*, 2016 WL 2585918 (Del. May 2, 2016) (affirming the Superior Court's denial of first motion for postconviction relief); *Justice v. State*, 2022 WL 2438814 (Del. Super. Ct. July 1, 2022) (denying second motion for postconviction relief).

Court denied Justice's pro se motion for a certificate of eligibility under Section 4214(f).

(5) On April 12, 2023, Justice filed a motion for correction of illegal sentence based on alleged defects in the indictment. The Superior Court denied the motion. On July 31, 2023, Justice filed a motion for correction of illegal sentence based on alleged double-jeopardy violations. The Superior Court returned the motion to Justice on the basis that it was repetitive under Superior Court Criminal Rule 35(b). On August 9, 2023, Justice filed a letter requesting that the Superior Court treat his July 31, 2023 motion as a motion for correction of illegal sentence under Rule 35(a) instead of a repetitive motion for sentence reduction under Rule 35(b). The Superior Court treated the letter as a motion for correction of illegal sentence and denied it. This appeal followed.

(6) We review the denial of a motion for sentence correction for abuse of discretion.[4] We review questions of law *de novo*.[5] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

---

[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] *Id.*
[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

(7) In his opening brief, Justice argues that the Superior Court erred in denying his motion for correction of illegal sentence without addressing his claims that his sentence was illegal. He contends that his life sentence for USC Second-Degree Rape is illegal because: (i) references to different ages of a child in §§ 777A and 4205A make the meaning of "child" ambiguous; and (ii) it was based on the age of the victim as well as his status as a registered sex offender and habitual offender in violation of double-jeopardy principles. These contentions are without merit.

(8) At the time of Justice's crimes in March 2012, the relevant portions of the statutes implicated by Justice's arguments provided:

**§ 772. Rape in the second degree; class B felony**

(a) A person is guilty of rape in the second degree when the person:

(1) Intentionally engages in sexual intercourse with another person, and the intercourse occurs without the victim's consent….

(b) Nothing in this section shall preclude a separate charge, conviction and sentence for any other crime set forth in this title, or in the Delaware Code.

(c) Notwithstanding any provision of this title to the contrary, the minimum sentence for a person convicted of rape in the second degree in violation of this section shall be 10 years at Level V.[7]

**§ 777A. Sex offender unlawful sexual conduct against a child**

(a) A sex offender who knowingly commits any sexual offense against a child is guilty of sex offender unlawful sexual conduct against a child.

---

[7] 11 *Del. C.* § 772 (effective since June 30, 2010).

(b) For purposes of this section, "sex offender" means as defined in § 4121 of this title.

(c) For purposes of this section, the term "sexual offense" shall mean any offense designated as a sexual offense by § 761(i) of this title.[8]

(d) For purposes of this section, "child" means any individual who has not reached that child's eighteenth birthday….

(e) Sex offender unlawful sexual conduct against a child shall be punished as follows….

(2) If the underlying sexual offense is a class C, D, E, F, or G felony, the crime of sex offender unlawful sexual conduct against a child shall be a felony 1 grade higher than the underlying offense except where the child against whom a sexual offense is committed is a child younger than 12 years of age in which case the crime of sex offender unlawful sexual conduct against a child shall be a class B felony….

(5) If the underlying sexual offense is a class A or B felony, the crime of sex offender unlawful sexual conduct against a child shall be the same grade as the underlying offense, and the minimum sentence of imprisonment required for the underlying offense shall be doubled.[9]

## § 4205A. Additional penalty for serious sex offenders or pedophile offenders.

(a)    Notwithstanding any provision of this chapter or any other laws to the contrary, a defendant convicted of any crime set forth in § 771(a)(2), § 772, § 773, § 777, § 777A, § 778(1) or (2) of this title shall be sentenced to not less than 25 years up to life imprisonment to be served at Level V if:

(1) The defendant has previously been convicted or adjudicated delinquent of any sex offense set forth in this title and classified as a class A or B felony, or any similar offense under the laws of another state, the United States or any territory thereof; or

---

[8] Second-degree rape under § 772 is one of the designated sexual offenses.
[9] 11 *Del. C.* § 777A (effective June 30, 2010 to September 2, 2015).

(2) The victim of the instant offense is a child less than 14 years of age….[10]

## § 4214. Habitual criminal; life sentence

(a) Any person who has been 3 times convicted of a felony…who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal, and the court in which such 4th or subsequent conviction is had, in imposing sentence, may in its discretion, impose a sentence of up to life imprisonment upon the person so convicted. Notwithstanding any provision of this title to the contrary, any person sentenced pursuant to this subsection shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title for the 4th or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the 4th or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title….[11]

(9)  Contrary to Justice's contentions, the references to different ages of a child in §§ 777A and 4205A that he cites do not make the meaning of "child" ambiguous. Section 777A(e) increases felony grades for sexual offenses against younger child victims. For example, if the underlying sexual offense is a class G felony (which has a sentencing range of up to two years of Level V incarceration under § 4205) and the child victim is twelve or older, then the crime of sex offender conduct is increased to a class F felony (which has a sentencing range of up to three years of Level V incarceration under § 4205).[12] If, however, the underlying sexual

---

[10] 11 *Del. C.* 4205A (effective June 30, 2010 to May 27, 2015).
[11] 11 *Del. C.* § 4214 (effective September 1, 2011 to May 31, 2012).
[12] 11 *Del. C.* § 777A(e)(2).

offense is a class G felony and the child victim is younger than twelve, then the crime of sex offender conduct is increased to a class B felony (which has a sentencing range of two to twenty-five years of Level V incarceration under § 4205).[13] Similarly, § 4205A at the time of Justice's crimes increased the sentence for certain sexual offenses, including sex offender conduct against a child under § 777A, to twenty-five years to life imprisonment if the child victim was under the age of fourteen.[14] There is no ambiguity that Justice's victim, who was thirteen, was a child under §§ 777A and 4205A.

(10)   To the extent Justice claims that the jury did not determine whether the victim was under the age of fourteen in finding him guilty of second-degree rape, he is mistaken. The jury instructions for the second-degree rape counts required the jury to decide, among other things, whether the State had proven beyond a reasonable doubt that the victim was under the age of fourteen.

(11)   Neither the age of the child victim nor Justice's status as a registered sex offender and  habitual offender caused him to be sentenced in violation of double-jeopardy principles. "The Constitutional double jeopardy clause prohibits multiple punishments for the same offense."[15] Justice does not dispute that the

---

[13] *Id.* Although second-degree rape is a class B felony, the minimum sentence for second-degree rape is ten years of Level V incarceration instead of two years of Level V incarceration. 11 *Del. C.* § 772(c).
[14] 11 *Del. C.* § 4205A(a)(2).
[15] *Seward v. State*, 723 A.2d 365, 375 (Del. 1999).

7

victim was under fourteen, that he was a registered sex offender at the time he committed USC Second-Degree Rape, and that he was a habitual offender. Under § 4205A(a)(2), the sentencing range for Justice's USC Second-Degree Rape conviction was twenty-five years to life imprisonment because the victim was under the age of fourteen. Under § 4214(a), the Superior Court was required to sentence Justice to life imprisonment because that was the maximum sentence for his USC Second-Degree Rape conviction under § 4205A, which was a violent felony under § 4205(c).

(12) It is not a violation of double jeopardy if, as Justice contends, the conviction that required him to register as a sex offender was one of the predicate offenses underlying his habitual offender status. Nor is there any violation of double jeopardy based on the fact that Justice's status as a registered sex offender was an element of USC Second-Degree Rape. Under § 777A, "[i]t is a separate crime for a registered sex offender to knowingly commit a sexual offense against a child."[16]

(13) Justice was punished once, not multiple times, for USC Second-Degree Rape. The enhancement of his USC Second-Degree Rape sentence under §§ 4205A and 4214 did not violate double jeopardy.[17] Justice has not shown that his sentence

---

[16] *Monceaux*, 51 A.3d at 476.

[17] *See, e.g., Adams v. State*, 2020 WL 1651685, at *3 (Del. Apr. 2, 2020) (rejecting the defendant's claim that using a prior conviction to enhance the sentence for a later conviction violated double jeopardy principles); *Epperson v. State*, 2002 WL 480932, at *1 (Del. Mar. 22, 2022) ("The United States Supreme Court has consistently rejected double jeopardy challenges…to sentencing

for USC Second-Degree Rape is illegal.  We therefore affirm the Superior Court's denial of Justice's motion for correction of illegal sentence, albeit on grounds different than those relied upon by the Superior Court.[18]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

schemes that enhance a defendant's sentence because of a prior conviction.") (citing *Witte v. United State*, 515 U.S. 389, 398 (1995)).

[18] *Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Delaware Supreme Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).