**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| **v.** | ) | **ID No. 0709015392A** |
| | ) | |
| **TYRONE A. MILES,** | ) | |
| **Defendant.** | ) | |

Submitted: November 20, 2024
Decided: February 18, 2025

## ORDER

*Upon Defendant's Request to File a Second Petition for a Modification of Sentence under 11 Del. C. § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d) and Related Request for Appointment of Counsel,*
**DENIED.**

This 18th day of February, 2025, upon consideration of the Defendant Tyrone A. Miles' application to file a successive petition for sentence modification under 11 *Del. C.* § 4214(f) (D.I. 161), request for appointment of counsel related thereto (D.I. 160), the State's response (D.I. 170), Mr. Miles' supplements (D.I. 171, 175-76), the arguments of the parties at motions' hearing (D.I. 178, 181), the complete record in this matter, and the applicable law and governing rules, it appears to the Court that:

(1)     On February 12, 2009, following a three-day trial, a Superior Court jury convicted Movant Tyrone A. Miles of attempted first-degree murder and a related

weapons count.[1]  The crime was synopsized in an earlier decision as follows:

> On September 11, 2007, A.P. was shot in the abdomen while working as a cashier at the Duncan Depot, a convenience store in Dover, Delaware.  The store's security cameras videotaped the shooting.    Mrs. P. survived, and testified at trial that Mr. Miles walked into the store and asked for a pack of cigarettes.  He told Mrs. P. that he would pay for the cigarettes when his ride arrived.  After a few minutes, Mr. Miles removed a gun from his waistband, pointed it at Mrs. P., and pulled the trigger.  But the gun misfired, and Mr. Miles walked away from the counter.  He then returned to the counter and shot again.  This time the gun fired, and Mrs. P. was struck in the stomach.[2]

(2)    Mr. Miles' sentencing occurred after a pre-sentence investigative report was prepared and the State filed a habitual criminal petition.[3]  He was sentenced to the minimum required:  a term of natural life imprisonment for the attempted murder count as a triggering offense under the three-strikes provision of the then-extant Habitual Criminal Act.[4]

(3)    Mr. Miles' convictions and sentence were affirmed on direct appeal.[5] Since then, Mr. Miles has vainly sought vacatur of his convictions via motions for

---

[1]    D.I. 59.

[2]    *Miles v. State*, 2009 WL 4114385, at *1 (Del. Nov. 23, 2009) (cleaned up) ("*Miles I*").

[3]    DEL. CODE ANN. tit. 11, § 4214(b) (2007) (providing that a person who had been twice previously convicted of certain enumerated felonies and was thereafter convicted of another of those enumerated felonies could be declared a habitual criminal).

[4]    *Id.* (stating that any person sentenced under then-existing § 4214(b) had to receive a natural life sentence for the triggering felony (or felonies) that formed the basis of the State's habitual criminal petition).

[5]    *Miles I*, 2009 WL 4114385, at *3.

postconviction relief under Rule 61[6] or relief from his sentence invoking various court rules or federal or state statutes.[7]

(4) Most pertinently here, in 2021, Mr. Miles retained counsel and sought exercise of the Court's jurisdiction to modify his sentence under 11 *Del. C.* § 4214(f).[8] The State responded and opposed Mr. Miles' petition; the State argued the attempted murder sentence shouldn't be modified in any way.[9]

(5) The Court held a modification hearing as allowed by 11 *Del. C.* § 4214(f) and this Court's rules.[10] The Deputy Attorney General verified at that hearing that there would no presentation of the victim's position on the petition.[11] After a recess in that hearing, the Court ruled on Mr. Miles' petition from the bench with all parties present.[12] The motion was denied, and no change was made to Mr.

---

[6] *E.g.*, *State v. Miles*, 2011 WL 7144238 (Del. Super. Ct. Nov. 10, 2011) (denying first postconviction motion), *aff'd,* 2012 WL 589281 (Del. Feb. 22, 2012) ("*Miles II*"); D.I. 114 (order denying second postconviction motion), *appeal dismissed,* 2013 WL 324114 (Del. Jan. 28, 2013); D.I. 158 (order denying third postconviction motion).

[7] *E.g.*, D.I. 117 (order denying a motion for correction of sentence), *aff'd,* 2018 WL 4292206 (Del. Sept. 7, 2018).

[8] D.I. 123; D.I. 137.

[9] D.I. 139.

[10] Del. Super. Ct. Spec. R. 2017-1(d)(7) (providing that a petition for modification of sentence "may be considered without presentation, hearing, or argument unless otherwise ordered by the Court" and that the Court should give the Attorney General and any victim an opportunity to be heard on the matter).

[11] 8/23/22 Pet. for Sentence Modification under § 4214(f) Hr'g Tr. at 5-6 (D.I. 150).

[12] *Id.* at 10-22.

Miles' natural life sentence.[13]

(6)   He then docketed a timely direct appeal therefrom, still with the assistance of counsel.  After considering his counsel's Rule 26(c) briefing and the arguments Mr. Miles himself raised, the Delaware Supreme Court affirmed this Court's denial of a § 4214(f) sentence modification.[14]

(7)   Within months, Mr. Miles docketed the present applications seeking permission to file another petition for sentence modification via § 4214(f) and appointment of counsel to pursue such relief.[15]   Acknowledging that "[a]bsent extraordinary circumstances, [an inmate] may only file 1 application for sentence modification under [§ 4214(f)],"[16] Mr. Miles suggests that an alleged due process violation in the hearing of his first § 4214(f) petition constitutes such an extraordinary circumstance and allows him to file a second § 4214(f) petition.[17] According to Mr. Miles that purported due process violation was the State's failure to contact the victim prior to his first § 4214(f) hearing.[18]

---

[13]   D.I. 142.

[14]   *Miles v. State*, 2023 WL 4551499 (Del. July 14, 2023) ("*Miles III*").

[15]   D.I. 160-61.  Because Mr. Miles had a pending appeal from a separate Rule 61 denial, the Court was initially without jurisdiction to consider this newest attempt to invoke § 4214(f).  *See* D.I. 165 (explaining this to Mr. Miles and staying action on these applications).  Mr. Miles voluntarily dismissed that appeal (D.I. 166-68) and litigation resumed on this § 4214(f) foray.

[16]   DEL. CODE ANN. tit. 11, § 4214(f) (2023); Del. Super. Ct. Spec. R. 2017-1(d)(5) ("The court will consider a repetitive petition under this rule only in extraordinary circumstances.").

[17]   2nd § 4214(f) Pet. at 1 (D.I. 161).

[18]   *Id.* at 1-2.

(8)     The governing statute and court rule afford the victim of any crime for which one seeks modification of a habitual criminal sentence the right to present a victim-impact statement at the § 4214(f) hearing.[19]  At the August 2022 hearing of Mr. Miles' first § 4214(f) petition, the following exchange occurred:

> THE COURT:      The statute permits and our rules call for any victim-impact statement. Has there been contact with the victim?
>
> PROSECUTOR:     Your Honor, I have not had contact with the victim.
>
> THE COURT:      Okay. Just not been able to reach her or –
>
> PROSECUTOR:     Unfortunately, I have not – in all honesty, I think I think I overlooked that and I did not try to reach her.
>
> THE COURT:      Okay.
>
> PROSECUTOR:     I apologize for that, but I have not reached her.
>
> THE COURT:      Okay. Thank you.[20]

Mr. Miles lodged no objection to moving forward with the hearing without a victim-impact statement.  Instead, his counsel and he went on to present his case for sentence modification.

---

[19]   DEL. CODE ANN. tit. 11, § 4214(f) (2023) (stating that, on hearing of any § 4214(f) petition not denied on the papers, "all victims shall be given an opportunity to be heard"); Del. Super. Ct. Spec. R. 2017-1(d)(7) ("In any case in which presentation, hearing or argument is had on the petition, a victim shall be given an opportunity to provide a victim impact statement in a manner consistent with the provisions of 11 *Del. C.* §§ 4331(d), (e), and (f).").

[20]   8/23/22 Pet. for Sentence Modification under § 4214(f) Hr'g Tr. at 5-6.

(9)     As mentioned before, on appeal Mr. Miles personally filed specific points challenging the denial of his first § 4214(f) petition under Supreme Court's Rule 26(c). And our Supreme Court noted that under its Rule 26(c), it "must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation."[21]  When affirming denial of Mr. Miles' first § 4214(f) petition, the Court explained that it:

> . . . reviewed the record carefully, including the transcript of the hearing on Miles' motion for sentence modification, and [ ] concluded that Miles' appeal is wholly without merit and devoid of any arguably appealable issues. We are also satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Miles could not raise a meritorious claim in this appeal.[22]

(10)    Yet against this backdrop, Mr. Miles now suggests that not only were "his Due Process rights violated at this Aug. 23, 2022 Habitual Offender hearing under 4214(f)," but that violation constitutes an extraordinary circumstance warranting a § 4214(f) do-over.[23]  He is incorrect on both counts.

(11)    Section 4214(f) provides, in relevant part, "[a]bsent extraordinary

---

[21]  *Miles III*, 2023 WL 4551499, at *2.

[22]  *Id.* at *3.

[23]  2nd § 4214(f) Pet. at 1-2; 8/29/24 Pet. for Sentence Modification under § 4214(f) Hr'g Tr. at 4-5 (D.I. 181).  Though given a chance to, Mr. Miles has identified no other defect in his first § 4214(f) proceedings. *Id.* at 31-32.

circumstances, the petitioner may only file 1 application for sentence modification under this section."[24] Special Rule of Procedure 2017-1, too, permits the Court to consider "repetitive" petitions only in "extraordinary circumstances."[25] "[E]xtraordinary circumstances" is not defined statutorily or in Special Rule 2017-1. But the identical term is used in this Court's Criminal Rule 35(b)—the rule governing discretionary sentence reduction or modification.[26] And in all three, "extraordinary circumstances" is used for the same purpose: to except the filing of otherwise procedurally-barred sentence-reduction motions.[27]

(12) The term "extraordinary circumstances" is generally defined as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event."[28] In the Rule 35(b) context, "extraordinary circumstances" excusing its time bar are "those which 'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'"[29] "And for the purposes of Rule 35(b), 'extraordinary

---

[24] DEL. CODE ANN. tit. 11, § 4214(f) (2023).

[25] Del. Super. Ct. Spec. R. 2017-1(d)(5).

[26] Del. Super. Ct. Crim. R. 35(b) ("The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217. The court will not consider repetitive requests for reduction of sentence.").

[27] *Id.*; Del. Super. Ct. Spec. R. 2017-1(d)(5).

[28] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) (citing BLACK'S LAW DICTIONARY (10th ed. 2014)); *State v. Remedio*, 108 A.3d 326, 332 (Del. Super. Ct. 2014).

[29] *Diaz*, 2015 WL 1741768, at *2 (quoting *State v. Lewis*, 797 A.2d 1202, 1205 (Del. 2002) (Steele, J. dissenting)).

circumstances' have been found only 'when an offender faces some genuinely compelling change in circumstances that makes a resentencing urgent.'"[30]

(13) While "extraordinary circumstances" may act to overcome a time bar in Rule 35(b), the same delineations inform an understanding of that term in § 4214(f) and Special Rule 2017-1's bar on repetitive petitions. Anything claimed to be an "extraordinary circumstance" under those provisions should be limited to that which: specifically justifies the filing of a second § 4214(f) application; is entirely beyond a petitioner's control; and, prevented the petitioner from obtaining the § 4214(f) remedy on the first occasion.

(14) And just as with Rule 35(b), a heavy—if not heavier—burden must be placed on a § 4214(f) movant to establish "extraordinary circumstances" in order to uphold the finality of sentences[31] and this Court's decision on a first petition that sought such extraordinary relief.[32] A claim of benign lapse by the State in a first § 4214(f) proceeding[33] isn't enough to shoulder such burden.

---

[30] *State v. Thomas*, 220 A.3d 257, 262 (Del. Super. Ct. 2019) (quoting *Fountain v. State*, 139 A.3d 837, 842 n.20 (Del. 2016)).

[31] *Diaz*, 2015 WL 1741768, at *2 ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence.").

[32] *See State v. Brown*, 2022 WL 14781911, at *2 (Del. Super. Ct. Oct. 26, 2022) (describing the "truly unique vehicle" that 11 *Del. C.* § 4214(f) is, the "very small universe" of sentenced inmates to whom it is available, and the limited sentencing relief that might be afforded thereunder), *aff'd,* 2023 WL 1808446 (Del. Feb. 7, 2023).

[33] 8/29/24 Pet. for Sentence Modification under § 4214(f) Hr'g Tr. at 15 ("MR. MILES: I don't -- well, I don't think I was prejudiced by not having a victim statement.").

(15) The very now-complained-of error that Mr. Miles suggests warrants a second § 4214(f) petition occurred in open court. There was no objection. Both Mr. Miles' counsel and he personally had an opportunity to raise the purported process violation on appeal. Neither did. Given that, there is no justification for a second § 4214(f) proceeding.[34]

(16) But even if the Court were required to examine the alleged error Mr. Miles claims infected its decision on his first § 4214(f) petition—which it need not—his newly-minted complaint is in no formulation a recognizable "Due Process violation." While Mr. Miles seems to suggest that any failure by the State or Court or defect in a proceeding is a violation of due process,[35] that is not the rule of law.

(17) As a general premise, "[p]rocedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."[36] In turn, the Due Process Clause "guarantees the fundamental elements of fairness" in criminal proceedings.[37] And it is only when those elements

---

[34] A second § 4214(f) proceeding at which there will still be no victim-impact statement. *See generally* 8/29/24 Pet. for Sentence Modification under § 4214(f) Hr'g Tr.

[35] *Id.* at 6-8, 14-15, 18-19, 32. *Cf. id.* at 25-27, 32-33 (Mr. Miles acknowledging that not just any violation of a § 4214(f) or Special Rule 2017-1 provision by the State can be deemed an "extraordinary circumstance").

[36] *Monceaux v. State*, 51 A.3d 474, 477 (Del. 2012) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)).

[37] *Id.* (quoting *Spencer v. Texas*, 385 U.S. 554, 563-64 (1967)).

of fundamental fairness meant to protect the criminal defendant are lacking or imperiled—*i.e.* when he demonstrates he was actually prejudiced from an occurrence—that he might have a valid due process claim.[38]

(18) Special Rule 2017-1 requires that when "presentation, hearing, or argument" is held on a § 4214(f) petition, "a *victim* shall be given an opportunity to provide a victim impact statement in a manner consistent with the provisions of 11 *Del. C.* §§ 4331(d), (e), and (f)."[39] And those § 4331 provisions provide the contours of when a victim statement may be given,[40] what substance it may contain,[41] and who may give it.[42]

(19) Chapter 94 of Title 11 sets forth the Victims' Bill of Rights. It extends certain rights to victims, including "the right to present a victim-impact statement pursuant to § 4331."[43]

---

[38] *See United States v. Lovasco*, 431 U.S. 783, 790 (1977) (noting that "proof of prejudice is generally a necessary but not sufficient element of a due process claim" and explaining further that when addressing a due process claim: "We are to determine only whether the action complained of . . . violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' and which define 'the community's sense of fair play and decency.'") (citation omitted); *see also Aquino v. Attorney General*, 53 F.4th 761, 765 (3d Cir. 2022) ("'No harm, no foul' is usually good law. If someone spots a flaw in his agency proceeding and asks for a remand, he normally must show that the flaw prejudiced his outcome. Exceptions to this requirement are rare.").

[39] Del. Super. Ct. Spec. R. 2017-1(d)(7) (emphasis added).

[40] DEL. CODE ANN. tit. 11, § 4331(d) (2023).

[41] *Id*. § 4331(e).

[42] *Id*. § 4331(f).

[43] *Id*. § 9415.

(20)    These other related provisions aid in understanding that § 4214(f) and Special Rule 2017-1's victim-impact clauses are designed to afford and protect the rights of victims, not the habitual criminals seeking sentence reduction.   Indeed, that's why Chapter 94, for instance, expressly states that "failure to provide a right, privilege or notice to a victim under [the Victims' Bill of Rights] *shall not* be grounds for the defendant to seek to have a conviction or sentence set aside."[44]

(21)    Mr. Miles seeks another opportunity to have his wholly legal sentence revisited because the State earlier failed in its duty to the victim.[45]   If any rights are implicated by the State's failure to contact Mr. Miles' victim before his August 2022 §4214(f) hearing, they are those of the victim, not Mr. Miles.   He simply cannot contort a purported violation of his victim's rights into cause for another shot at a § 4214(f) modification.

(22)    And because Mr. Miles is manifestly ineligible to re-engage 11 *Del. C.* § 4214(f), the Court need not appoint him counsel to pursue a futile attempt to do so.[46]

---

[44]    *Id*. § 9402(c) (emphasis added).

[45]    Exhibiting the expected considerable candor of a Deputy Attorney General, State's counsel readily admitted his oversight at the first § 4214(f) hearing and has never shied from his responsibility for it.  8/23/22 Pet. for Sentence Modification under § 4214(f) Hr'g Tr. at 5-6; 8/29/24 Pet. for Sentence Modification under § 4214(f) Hr'g Tr. at 20-22.  The Court recognizes his concessions here as being "in accordance with the highest traditions of the Delaware Bar and the prosecutor's unique role and duty" as an advocate. *Weddington v. State*, 545 A.2d 607, 616 (Del. 1988).

[46]    *See, e.g.*, *Clark v. State*, 2018 WL 1956298, at *3 (Del. Apr. 24, 2018) (explaining that this Court does not err by denying appointment of counsel when it is clear on the record that an inmate

**NOW, THEREFORE, IT IS ORDERED** that Mr. Miles' Request to File a Second Petition for a Modification of Sentence Under 11 *Del. C.* § 4214(f) and his related motion for appointment of counsel are each **DENIED** for the reasons set forth here—he has failed to demonstrate "extraordinary circumstances" warranting a second round of § 4214(f) proceedings to challenge his sentence.

/s/ *Paul R. Wallace*

_____

Paul R. Wallace, Judge

Original to Prothonotary-Kent County

cc:    Mr. Tyrone A. Miles, *pro se*
       Erik C. Towne, Chief Prosecutor, Kent Co.

---

doesn't meet § 4214(f)'s eligibility requirements); *State v. Rowan*, 2022 WL 896260, at *3 (Del. Super. Ct. Mar. 28, 2022); *State v. Chambers*, 2023 WL 8615791, at *3 (Del. Super. Ct. Dec. 13, 2023).