# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
)
        v.          )    I.D. No. 2402003067
)
MASHAWN LEWIS,      )
)
    Defendant.      )

Submitted: May 22, 2025
Decided:  May 29, 2025

*Upon the State of Delaware's Motion to Revoke Bail*
**GRANTED.**

## <u>MEMORANDUM OPINION AND ORDER</u>

Stephen McCloskey, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney for the State of Delaware.

John S. Edinger, Esquire, Assistant Public Defender, OFFICE OF DEFENSE SERVICES, PUBLIC DEFENDER'S OFFICE, 820 North French Street, Wilmington, DE 19801, Attorney for Defendant Mashawn Lewis.

**WHARTON, J.**

# 1. INTRODUCTION

Defendant Mashawn Lewis ("Lewis") was found guilty by a jury of a single count of Possession of a Firearm by a Person Prohibited ("PFBPP"). The limited issue before the Court is whether his bail should be revoked pursuant to 11 *Del. C.* § 2104(f)(1)(b).[1] That section requires that bail be revoked for a defendant convicted of a crime for which a minimum mandatory sentence must be imposed.[2] For Lewis, his prior conviction of Carrying a Concealed Deadly Weapon - Firearm ("CCDW") would seemingly meet that requirement.[3] But, citing *Erlinger v. United States*,[4] Lewis contends that prior conviction enhancement is a fact that must be proven to a jury's satisfaction beyond a reasonable doubt. Here the parties stipulated to Lewis' status as a prohibited person. But for the fact that the Supreme Court left standing a single exception to the rule that any fact that enhances a defendant's minimum sentence must be submitted to a jury, Lewis would be correct. However, that exception, found in *Almendarez-Torres v. United States,*[5] allows the Court to find the fact of a prior conviction. Based on Lewis' Indictment, Plea Agreement, in which he pled guilty to CCDW- Firearm , the Truth-in-Sentencing Guilty Plea Form,

---

[1] Lewis has been, and remains, in default of bail, giving the issue a bit of an academic flavor.
[2] 11 *Del. C.* § 2104(f)(1)(b).
[3] *See,* 11 *Del. C.* §§ 1448(e)(1)(a) and (b)
[4] 602 U.S. 821 (2024).
[5] 523 U.S. 224 (1998).

and a certified copy of the Court's Corrected Sentence Order, the Court finds that Lewis has been convicted of that charge. Since that charge is a violent felony, he is subject to a minimum mandatory sentence and his bail must be revoked pursuant to 11 *Del. C.* § 2104(f)(1)(b). The State's Motion to Revoke Bail is **GRANTED.**

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Lewis was indicted on three counts – PFBPP, Possession of Ammunition by a Person Prohibited ("PABPP") and Receiving a Stolen Firearm. At the pre-trial conference on April 24, 2025, the Court was advised by the State that it would be entering a *nolle prosequi* on the Receiving a Stolen Firearm charge. The Court was advised that the parties anticipated entering into a stipulation regarding Lewis' status as a prohibited person. At trial, the parties did stipulate that Lewis was prohibited by law from possessing a firearm and ammunition. At the end of the trial, the jury found Lewis guilty of the PFBPP charge but not guilty of the PABPP charge. The Court ordered a pre-sentence investigation.

After the verdicts were returned, the Court asked if there were any applications. Neither party made any. Later, the State called chambers asking about a bail revocation. The Court scheduled a teleconference for May 5th. At the teleconference, the State asked that Lewis' bail be revoked. Lewis opposed that request. The Court ordered the parties to submit letter memoranda, the last of which was filed on May 22nd.

## III. THE PARTIES' CONTENTIONS

3

At the pre-trial conference, when the Court asked if there were any *Erlinger* issues, the State, relying on *Jackson v. State*,[6] said there were none. Apparently realizing that *Jackson* has no relevance, the State sought a firmer foundation for its bail revocation motion. In its opening memorandum, the State distinguishes *Erlinger* from Lewis' situation.[7] *Erlinger* involved the application of the federal Armed Career Criminal Act ("ACCA"). ACCA provides:

> In the case of a person who violates section 922(g) of this title and has tree previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than 15 years, and notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to such person with respect to the conviction under section 922(g).[8]

In *Erlinger,* the parties disputed whether Erlinger's prior crimes had occurred "on occasions different from one another."[9] Erlinger contended whether his prior crimes occurred on distinct occasions or in a single criminal episode was a factual determination to be made by a jury.[10] The Supreme Court agreed, holding that determination is a "'fact laden task'" which must be undertaken by a jury.[11]

---

[6] 2025 WL 227682 (Del. Jan. 16, 2025).
[7] State's Op. Mem. at 2-3, D.I. 56.
[8] 18 U.S.C. § 924(e)(1).
[9] State's Op. Mem. at 2, D.I. 56.
[10] *Id.*
[11] *Id.* (quoting *Erlinger,* 602 U.S. at 834.)

Lewis' case is different in the State's view. The operative statute, 11 *Del. C.* § 1448(e)(1), Delaware's analog to § 924(e)(1), requires only a single violent felony conviction to enhance Lewis' minimum mandatory sentence to at least three years of Level V incarceration.[12] *Almendarez-Torres* permits a sentencing judge to find the fact of a prior conviction.[13] Because *Almendarez-Torres* was not overruled by *Erlinger*, and because § 1448(e)(1) does not require an "occasions" determination, this Court may find Lewis was convicted of the violent felony of CCDW - Firearm subjecting him to a minimum mandatory sentence.[14] Accordingly, his bail must be revoked pursuant to § 2104(f)(1)(b).[15]

In his memorandum, Lewis maintains that *Erlinger* requires that a jury make the factual finding that Lewis had a prior conviction that triggered the enhanced sentencing provision of § 1448(e)(1)(b).[16] He acknowledges that a sentencing court may make a determination of what crime, with what elements the defendant was convicted of.[17] But, he contends that is the limit of what a sentencing court can do. Were the Court to go beyond finding the fact of conviction to finding that it occurred within 10 years so as to impose a five year minimum mandatory sentence required by § 1448(e)(1)b, such finding would contravene *Erlinger*.[18]

---

[12] *Id.* at 3.
[13] *Id.* at 4.
[14] *Id.*
[15] *Id.*
[16] Def.'s Mem. at 3, D.I. 58.
[17] *Id.* at 5.
[18] *Id.* at 5-6.

The State replied on May 22, 2025 by letter dated May 21st.[19] It points out that for bail revocation purposes, the fact that Lewis had previously been convicted of CCDW - Firearm, a violent felony, is sufficient to require enhanced punishment of at least a three-year minimum mandatory sentence at Level V under § 1448(e)(1)a.[20] Therefore bail must be revoked without regard to Lewis' arguments based on § 1448(e)(1)b which requires that the violent felony conviction be within the previous 10 years.[21]

## IV. DISCUSSION

Typically, when a defendant is charged with PFBPP and/or PABPP and other crimes, there is a severance. The other crimes are tried as the "A" case and the PFBPP and/or PABPP charge is the "B" case. In this way, a defendant will not be prejudiced in the "A" case by the jury's knowledge that he had been convicted of another crime that caused him to be prohibited from possessing a firearm or ammunition. Frequently, after the jury returns a verdict in the "A" case, a defendant elects to waive a jury trial and allow the trial judge to decide the "B" case. Here, in effect, the "B" case became the "A" case when the State decided not to pursue the Receiving a Stolen Firearm charge, leaving only the PFBPP and PABPP charges. The parties stipulated before the jury that Lewis was prohibited by law from possessing a firearm and ammunition. Whether the State needed to enter into the

---

[19] State's Reply, D.I. 59.
[20] *Id.* at 3.
[21] *Id.* at 3-4.

stipulation when there was no "B" case is not before the Court.[22]  Regardless, the State never proposed how the issue of the date of Lewis' CCDW - Firearm conviction was to be resolved.

The parties do not appear to be in disagreement about the law, at least insofar as to whether the Court can determine the fact of Lewis' prior conviction.  That fact can be found consistently with *Erlinger* and *Erlinger's* determination to leave *Almendarez-Torres* in place, at least for the time being.[23]  Therefore, the Court finds that Lewis was previously convicted of CCDW – Firearm based on Lewis' Indictment in Case No. 2202001461, his Plea Agreement and Truth-in Sentencing Guilty Plea Form, and the certified copy of his Corrected Sentence Order all in that case.[24]  The Court also finds that CCDW – Firearm is a violent felony as a matter of law pursuant to 11 *Del. C.* § 4201(c)(1).  Accordingly, the requirements of § 1448(e)(1) have been met because Lewis will be subject to a minimum mandatory sentence.  Lewis' bail is revoked pursuant to 11 *Del. C.* § 2104(f)(1)(b).

That determination does not answer the question of how long that minimum mandatory sentence must be.  That question is not before the Court now.  If the State intends to seek sentencing under § 1448(e)(1)b because Lewis' CCDW – Firearm conviction occurred within 10 years of this conviction, it must notify the Court of

---

[22] *See, Monceaux v. State,* 51 A.3d 474, 478-79 (Del. 2012).
[23] *Erlinger,* 602 U.S. at 837-38.
[24] State's Reply at Exs. A, B, and C, respectively, D.I. 59.

that intention no later than 20 days after the date of this Memorandum Opinion and Order.

## VI. CONCLUSION

For the reasons set forth above, the State's Motion to Revoke Bail is **GRANTED**. Defendant Mashawn Lewis' bail is **REVOKED** immediately.

If the State intends to seek to have Defendnant Mashawn Lewis sentenced pursuant to 11 *Del. C.* § 1448(e)(1)b it shall notify the Court of such intention no later than 20 days after the date of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.